AO 440 (Rev. 02/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York

| | |
|---|---|
| JOHN RAPILLO and HEIDI RAPILLO | ) |
| | ) |
| *Plaintiff* | ) |
| | ) |
| v. | ) |
| BARRY FINGERHUT, DAVID HOLZER, | ) |
| FINGERHUT-HOLZER PARTNERS LLC, et al. | ) |
| *Defendant* | ) |

'09 CIV 10429

Civil Action No.

JUDGE DANIELS

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  See attached RIDERS

A lawsuit has been filed against you.

Within 20 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

J. MICHAEL McMAHON
*CLERK OF COURT*

DEC 2 3 2009

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

## RIDER TO CAPTION

---------------------------------------------------------------------------X

JOHN RAPILLO and HEIDI RAPILLO,

Plaintiffs,

-against-

BARRY FINGERHUT, DAVID HOLZER, FINGERHUT-
HOLZER PARTNERS LLC, FINGERHUT-HOLZER
EQUITIES, INC., FINGERHUT-HOLZER, INC., FINGERHUT-
HOLZER FUND L.P., GEO CAPITAL PARTNERS, INC.,
FINGERHUT-HOLZER THE WAVERLY I, LLC, FINGERHUT-
HOLZER THE WAVERLY II, LLC, LESLIE HOLZER,
DOUGLAS HOLZER, JENNIFER HOLZER, JOSHUA
HOLZER and  JOSEPH HOLZER,

Defendants.

---------------------------------------------------------------------------X

# R I D E R
## TO SUMMONS

**Defendants' Names and Addresses:**

BARRY FINGERHUT
c/o Fingerhut Management Corp.
12 East 49th Street
New York, New York 10017

DAVID HOLZER
c/o New York State Department of Corrections
75-20 Astoria Boulevard
East Elmhurst, New York 11370

DAVID HOLZER
c/o Warden, NYS State Department of Corrections
The Tombs
125 White Street
New York, New York 10013

FINGERHUT-HOLZER PARTNERS LLC,
399 Park Avenue
New York, New York 10022

FINGERHUT-HOLZER EQUITIES, INC.
399 Park Avenue
New York, New York 10022

FINGERHUT-HOLZER, INC.
399 Park Avenue
New York, New York 10022

FINGERHUT-HOLZER FUND L.P.
399 Park Avenue
New York, New York 10022

GEO CAPITAL PARTNERS, INC.
24 Hillandale Road
Rye Brook, New York 10573

FINGERHUT-HOLZER THE WAVERLY I, LLC
399 Park Avenue
New York, New York 10022

FINGERHUT-HOLZER THE WAVERLY II, LLC
399 Park Avenue
New York, New York 10022

LESLIE HOLZER
c/o Pamela Lustig
500 Kappock Street
Apt. 6H
Bronx, New York 10463

DOUGLAS HOLZER
245 East 80th Street
Apt. 7H
New York, New York 10021

JENNIFER HOLZER
756 Washington Street
New York, New York 10014

JOSHUA HOLZER
c/o Pamela Lustig
500 Kappock Street
Apt. 6H
Bronx, New York 10463

JOSEPH HOLZER
c/o Pamela Lustig
500 Kappock Street
Apt. 6H
Bronx, New York 10463

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

JOHN RAPILLO and HEIDI RAPILLO,

                   Plaintiffs,

     -against-

BARRY FINGERHUT, DAVID HOLZER, FINGERHUT-
HOLZER PARTNERS LLC, FINGERHUT-HOLZER
EQUITIES, INC., FINGERHUT-HOLZER, INC., FINGERHUT-
HOLZER FUND L.P., GEO CAPITAL PARTNERS, INC.,
FINGERHUT-HOLZER THE WAVERLY I, LLC, FINGERHUT-
HOLZER THE WAVERLY II, LLC, LESLIE HOLZER,
DOUGLAS HOLZER, JENNIFER HOLZER, JOSHUA
HOLZER and  JOSEPH HOLZER,

                   Defendants.

------------------------------------------------------------------------X

**Civil Action No. :**

**COMPLAINT**

**Jury Trial Demanded**

09 CIV 10429

JUDGE DANIELS

RECEIVED
DEC 23 2009
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiffs, complaining of defendants respectfully allege upon information and belief

as follows:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction of this litigation under §27 of the Securities

Exchange Act of 1934 ("The Exchange Act" 15 U.S.C. §78aa).

2.    The federal claims herein arise under §10(b) of the Exchange Act, 15 U.S.C.

§78j(b) and §78t(a) and Rule 10b-5 promulgated there under by the Securities Exchange

Commission (17 CFR §240.10b-5).

3.    Federal subject matter jurisdiction also exists pursuant to 15 U.S.C. §80b-14

(the Federal Investment Advisors Act of 1940) which provides in relevant part:

The District Courts of the United States... shall have jurisdiction of violations of this subchapter... and ... of all suits in equity and actions at law brought to enforce any liability or duty created by, or to enjoin any violation of this subchapter...

4.    Venue is proper in this district pursuant to Title 28 §U.S.C. §1391(b) and Title 15 U.S.C.§80b-14, which provides in relevant part:

Any suit or action to enforce any liability or duty created by or to enjoin any violation of this subchapter...may be brought in any such district or in the district wherein the defendant is an inhabitant or transacts business, and process in such cases may be served in any district in which defendant is an inhabitant or transacts business or wherever the defendant may be found.

## THE PARTIES

5.    That at all times hereinafter mentioned, plaintiff, JOHN RAPILLO, was and still is a resident of the State of New York and of this district.

6.    That at all times hereinafter mentioned, plaintiff, HEIDI RAPILLO, was and still is a resident of the State of New York and of this district.

7.    That at all times hereinafter mentioned, defendant, BARRY FINGERHUT, was and still is a resident of the State of New York and of this district.

8.    That at all times hereinafter mentioned, defendant, DAVID HOLZER, was and still is a resident of the State of New York and of this district.

9.    That at all times hereinafter mentioned, defendant, LESLIE HOLZER, was and still is a resident of the State of New York and of this district.

10.    That at all times hereinafter mentioned, defendant, DOUGLAS HOLZER, was and still is a resident of the State of New York and of this district.

11.    That at all times hereinafter mentioned, defendant, JENNIFER HOLZER, was and still is a resident of the State of New York and of this district.

12.    That at all times hereinafter mentioned, defendant, JOSHUA HOLZER, was and still is a resident of the State of New York and of this district.

13.    That at all times hereinafter mentioned, defendant, JOSEPH HOLZER, was and still is a resident of the State of New York and of this district.

14.    That at all times hereinafter mentioned, defendant, BARRY FINGERHUT, was a stock broker, stock trader, investor and operator of an investment business.

15.    That at all times hereinafter mentioned, defendant, DAVID HOLZER, was a stock broker, stock trader, investor and operator of an investment business.

16.    That at all times hereinafter mentioned, defendants, BARRY FINGERHUT and DAVID HOLZER together conducted business and offered their services as financial investors and counselors to the public at large.

17.    That at all times hereinafter mentioned, defendants, BARRY FINGERHUT and DAVID HOLZER, conducted business as FINGERHUT-HOLZER PARTNERS.

18.    That at all times hereinafter mentioned, defendants, BARRY FINGERHUT and DAVID HOLZER conducted business as FINGERHUT-HOLZER EQUITIES.

19.    That at all times hereinafter mentioned, defendants, BARRY FINGERHUT and DAVID HOLZER operated as FINGERHUT-HOLZER, INC.

20.    That at all times hereinafter mentioned, defendants, BARRY FINGERHUT and DAVID HOLZER operated as FINGERHUT-HOLZER FUND L.P.

21.    That at all times hereinafter mentioned, defendants, BARRY FINGERHUT and DAVID HOLZER operated as FINGERHUT- HOLZER THE WAVERLY I, LLC.

22.    That at all times hereinafter mentioned, defendants, BARRY FINGERHUT and DAVID HOLZER operated as FINGERHUT- HOLZER THE WAVERLY II, LCC.

23. That at all times hereinafter mentioned, defendants, BARRY FINGERHUT and DAVID HOLZER operated as GEO CAPITAL PARTNERS, INC.

24. That at all times hereinafter mentioned, defendant, FINGERHUT- HOLZER PARTNERS LLC was a domestic and/or foreign corporation licensed to do business in the State of New York and conducting business as a stock brokerage organization, financial consultants, investment advisors and/or owners, sellers, brokers, marketers, advisors and owners of financial instruments, equities, bonds, ventures, real estate and various forms of ownership.

25. That at all times hereinafter mentioned, defendant, FINGERHUT- HOLZER EQUITIES was a domestic and/or foreign corporation licensed to do business in the State of New York and conducting business as a stock brokerage organization, financial consultants, investment advisors and/or owners, sellers, brokers, marketers, advisors and owners of financial instruments, equities, bonds, ventures, real estate and various forms of ownership.

26. That at all times hereinafter mentioned, defendant, FINGERHUT- HOLZER, INC. was a domestic and/or foreign corporation licensed to do business in the State of New York and conducting business as a stock brokerage organization, financial consultants, investment advisors and/or owners, sellers, brokers, marketers, advisors and owners of financial instruments, equities, bonds, ventures, real estate and various forms of ownership.

27. That at all times hereinafter mentioned, defendant, FINGERHUT- HOLZER FUND L.P. was a domestic and/or foreign corporation licensed to do business in the State of New York and conducting business as a stock brokerage organization, financial

consultants, investment advisors and/or owners, sellers, brokers, marketers, advisors and owners of financial instruments, equities, bonds, ventures, real estate and various forms of ownership.

28. That at all times hereinafter mentioned, defendant, GEO CAPITAL PARTNERS, INC. was a domestic and/or foreign corporation licensed to do business in the State of New York and conducting business as a stock brokerage organization, financial consultants, investment advisors and/or owners, sellers, brokers, marketers, advisors and owners of financial instruments, equities, bonds, ventures, real estate and various forms of ownership.

29. That at all times hereinafter mentioned, defendant, FINGERHUT- HOLZER THE WAVERLY I, LLC was a domestic and/or foreign corporation licensed to do business in the State of New York and conducting business as a stock brokerage organization, financial consultants, investment advisors and/or owners, sellers, brokers, marketers, advisors and owners of financial instruments, equities, bonds, ventures, real estate and various forms of ownership.

30. That at all times hereinafter mentioned, defendant, FINGERHUT- HOLZER THE WAVERLY II, LLC was a domestic and/or foreign corporation licensed to do business in the State of New York and conducting business as a stock brokerage organization, financial consultants, investment advisors and/or owners, sellers, brokers, marketers, advisors and owners of financial instruments, equities, bonds, ventures, real estate and various forms of ownership.

31. That at all times hereinafter mentioned, DAVID HOLZER was a partner, employee, agent, fiduciary, acting on behalf of, with the direction and permission of, and for

the benefit of BARRY FINGERHUT, FINGERHUT/HOLZER PARTNERS LLC, FINGERHUT-HOLZER EQUITIES, FINGERHUT-HOLZER, INC., FINGERHUT-HOLZER FUND L.P., GEO CAPITAL PARTNERS, INC., FINGERHUT- HOLZER THE WAVERLY I, LLC and/or FINGERHUT- HOLZER THE WAVERLY II, LLC.

32.     That at all times hereinafter mentioned, BARRY FINGERHUT was a partner, employee, agent, fiduciary, acting on behalf of, with the direction and permission of, and for the benefit of BARRY FINGERHUT, FINGERHUT/HOLZER PARTNERS LLC, FINGERHUT-HOLZER EQUITIES, FINGERHUT-HOLZER, INC., FINGERHUT-HOLZER FUND L.P., GEO CAPITAL PARTNERS, INC., FINGERHUT- HOLZER THE WAVERLY I, LLC and/or FINGERHUT- HOLZER THE WAVERLY II, LLC.

33.     That at all times hereinafter mentioned, LESLIE HOLZER was a partner, employee, agent, fiduciary, acting on behalf of, with the direction and permission of, and for the benefit of BARRY FINGERHUT, FINGERHUT/HOLZER PARTNERS LLC, FINGERHUT-HOLZER EQUITIES, FINGERHUT-HOLZER, INC., FINGERHUT-HOLZER FUND L.P., GEO CAPITAL PARTNERS, INC., FINGERHUT- HOLZER THE WAVERLY I, LLC and/or FINGERHUT- HOLZER THE WAVERLY II, LLC.

34.     That at all times hereinafter mentioned, defendants, BARRY FINGERHUT and/or DAVID HOLZER and/or LESLIE HOLZER entered into a financial partnership and/or relationship and/or association and/or agency and/or corporation in order to woo and entice individuals to invest in real estate, stocks and other types of financial ventures.

35.     That at all times hereinafter mentioned, defendants, LESLIE HOLZER, DOUGLAS HOLZER, JENNIFER HOLZER, JOSHUA HOLZER and JOSEPH HOLZER, were family members of DAVID HOLZER and were beneficiaries of his employment in that

they participated and took benefit from the profits, salary, wages, emoluments, benefits, perquisites and other instances of the business and operation created by BARRY FINGERHUT and DAVID HOLZER and that all received material benefits arising from the affairs of BARRY FINGERHUT and DAVID HOLZER, individually and in their other financial arrangements.

36.     That at all times hereinafter mentioned, each of the defendants sued herein was an agent and/or employee of each of the remaining defendants and was at all times acting within the purpose and scope of such agency and employment.

37.     That on or about October 10, 2005, the plaintiffs gave and entrusted the sum of $300,000 to BARRY FINGERHUT, DAVID HOLZER and LESLIE HOLZER both in their capacities as owners and operators of FINGERHUT/HOLZER PARTNERS LLC, FINGERHUT-HOLZER EQUITIES, FINGERHUT-HOLZER, INC., FINGERHUT-HOLZER FUND L.P., GEO CAPITAL PARTNERS, INC., FINGERHUT- HOLZER THE WAVERLY I, LLC and FINGERHUT- HOLZER THE WAVERLY II, LLC for the purpose of investing in various profit making activities, in real estate, stock, real estate stock, equities, ventures, bonds and other indicia of ownership for the purpose of the financial improvement of that sum.

38.     That hereinafter that sum of $300,000.00 was taken and used for the individual purpose and benefit of BARRY FINGERHUT, DAVID HOLZER, LESLIE HOLZER, DOUGLAS HOLZER, JENNIFER HOLZER, JOSHUA HOLZER and JOSEPH HOLZER, and that such sum has been stolen, purloined, removed, asportated and placed directly into the benefit of each of the defendants so as to deny the plaintiffs the benefits of their ownership.

39.    That on or about December 15, 2005, the plaintiffs gave and entrusted the sum of $600,000 to BARRY FINGERHUT, DAVID HOLZER and LESLIE HOLZER, both in their capacities as owners and operators of FINGERHUT/HOLZER PARTNERS LLC, FINGERHUT-HOLZER EQUITIES, FINGERHUT-HOLZER, INC., FINGERHUT-HOLZER FUND L.P., GEO CAPITAL PARTNERS, INC., FINGERHUT- HOLZER THE WAVERLY I, LLC and FINGERHUT- HOLZER THE WAVERLY II, LLC, for the purpose of investing in various profit making activities, in real estate, stock, real estate stock, equities, ventures, bonds and other indicia of ownership for the purpose of the financial improvement of that sum.

40.    That hereinafter that sum of $600,000.00 was taken and used for the individual purpose and benefit of BARRY FINGERHUT, DAVID HOLZER, LESLIE HOLZER, DOUGLAS HOLZER, JENNIFER HOLZER, JOSHUA HOLZER and JOSEPH HOLZER, and that such sum has been stolen, purloined, removed, asportated and placed directly into the benefit of each of the defendants so as to deny the plaintiffs the benefits of their ownership.

41.    That on or about January 31, 2006, the plaintiffs gave and entrusted the sum of $200,000 to BARRY FINGERHUT,  DAVID HOLZER and LESLIE HOLZER, both in their capacities as owners and operators of FINGERHUT/HOLZER PARTNERS LLC, FINGERHUT-HOLZER EQUITIES, FINGERHUT-HOLZER, INC., FINGERHUT-HOLZER FUND L.P., GEO CAPITAL PARTNERS, INC., FINGERHUT- HOLZER THE WAVERLY I, LLC and FINGERHUT- HOLZER THE WAVERLY II, LLC,  for the purpose of investing in various profit making activities, in real estate, stock, real estate stock, equities, ventures,

bonds and other indicia of ownership for the purpose of the financial improvement of that sum.

42.     That hereinafter that sum of $200,000.00 was taken and used  for the individual purpose and benefit of BARRY FINGERHUT, DAVID HOLZER, LESLIE HOLZER, DOUGLAS HOLZER, JENNIFER HOLZER, JOSHUA HOLZER and JOSEPH HOLZER, and that such sum has been stolen, purloined, removed, asportated and placed directly into the benefit of each of the defendants so as to deny the plaintiffs the benefits of their ownership.

43.     That on or about March 23, 2006, the plaintiffs gave and entrusted the sum of $800,000 to BARRY FINGERHUT,  DAVID HOLZER and LESLIE HOLZER, both in their capacities as owners and operators of FINGERHUT/HOLZER PARTNERS LLC, FINGERHUT-HOLZER EQUITIES, FINGERHUT-HOLZER, INC.,  FINGERHUT-HOLZER FUND L.P. , GEO CAPITAL PARTNERS, INC., FINGERHUT- HOLZER THE WAVERLY I, LLC and FINGERHUT- HOLZER THE WAVERLY II, LLC, for the purpose of investing in various profit making activities, in real estate, stock, real estate stock, equities, ventures, bonds and other indicia of ownership for the purpose of the financial improvement of that sum.

44.     That hereinafter that sum of $800,000.00 was taken and used  for the individual purpose and benefit of BARRY FINGERHUT, DAVID HOLZER, LESLIE HOLZER, DOUGLAS HOLZER, JENNIFER HOLZER, JOSHUA HOLZER and JOSEPH HOLZER, and that such sum has been stolen, purloined, removed, asportated and placed directly into the benefit of each of the defendants so as to deny the plaintiffs the benefits of their ownership.

45.     That upon information and belief, the defendants never invested the plaintiffs' money in any stock, real estate, debentures, credits, bonds, or other indicia of ownership for the benefit of the plaintiffs.

46.     That at all times hereinafter mentioned, defendant, BARRY FINGERHUT lured the plaintiff into various investments and the entrustment of money to himself and to his partner that has been translated into the use for their own purposes.

47.     That at all times hereinafter mentioned, defendant, DAVID HOLZER lured the plaintiff into various investments and used money entrusted to him for his own purposes.

48.     That at all times hereinafter mentioned, defendant, LESLIE HOLZER lured the plaintiff into various investments and used money entrusted to him for his own purposes.

49.     That upon information and belief, each of the defendants LESLIE HOLZER, DOUGLAS HOLZER, JENNIFER HOLZER, JOSHUA HOLZER and JOSEPH HOLZER participated in the benefit of the theft loss and asportation of the assets, goods, channels and trusts of the plaintiffs and has made use of the benefits of that investment for their own use.

## AS AND FOR A FIRST CAUSE OF ACTION FOR
## BREACH OF FIDUCIARY DUTY UNDER 15 U.S.C. §80B-6

50.     Plaintiffs repeat, reallege and reiterate paragraphs "1" through "49" set forth above as if fully set forth herein.

51.     Pursuant to the advisors act, defendants, BARRY FINGERHUT, DAVID HOLZER, LESLIE HOLZER, FINGERHUT/HOLZER PARTNERS LLC, FINGERHUT-HOLZER EQUITIES, FINGERHUT-HOLZER, INC. and FINGERHUT-HOLZER FUND

L.P., GEO CAPITAL PARTNERS, INC., FINGERHUT- HOLZER THE WAVERLY I, LLC and FINGERHUT- HOLZER THE WAVERLY II, LLC owed plaintiffs a duty to act with reasonable care in ensuring that full, honest and appropriate investment of the funds including full of their use to which their funds were being placed. Defendants affirmatively breached this fiduciary duty and additionally, concealed their wrong doing.

52.    The defendants failed to place the investment stated above in appropriate equities, real estate, bond, debentures and financial vehicles.

53.    As a proximate cause of defendants' breach of fiduciary duty, plaintiffs have each been harmed in the amount of their investments of $1,900,000.00 plus interest.

54.    Accordingly, plaintiffs are entitled to restitution of the money they gave to defendants for investment purposes.

### AS AND FOR A SECOND CAUSE OF ACTION FOR
### FRAUD UNDER 15 U.S.C. §80B-6

55.    Plaintiffs repeat, reallege and reiterate paragraphs "1" through "54" this complaint by reference as if fully set forth herein.

56.    Pursuant to the Advisers Act, defendants owed plaintiffs a duty to disclose all material facts necessary for plaintiffs to make appropriate and fully informed financial decisions.    Defendants breached this duty, by misrepresenting their rendering of personalized advise and omitting material facts concerning the nature and type of investments.

57.    Plaintiffs were entitled to rely on defendants' representations by virtue of defendants' fiduciary duty to plaintiffs.

58.    As a direct proximate cause of the fraudulent actions committed by defendants, plaintiffs have been harmed in the amounts that they have paid to defendants for investment purposes of $1,900,000.00 plus interest.  Additionally, defendants have continued to conceal their wrongdoing.

## AS AND FOR A THIRD CAUSE OF ACTION FOR
## VIOLATION OF §10b OF THE EXCHANGE ACT RULE 10b-5 THEREUNDER

59.    Plaintiffs repeat, reallege and reiterate paragraphs "1" through "58" of this complaint by reference as if fully set forth herein.

60.    Defendants used promotional press releases, to solicit plaintiffs' interest in investing in various stocks.

61.    The promotional material used in the solicitation campaign contained materially false and misleading information.

62.    Defendants falsely and fraudulently represented to plaintiffs that the various stocks were a sound investment.

63.    In reality, the various stocks had virtually no revenue and any promises to investors that the company's share would increase sharply was grossly misleading.

64.    Defendants, directly or indirectly, singly and in concert with others, in connection with the purchase and sale of these securities, by use of the means and instrumentalities of Interstate Commerce and by use of the mail (a) have employed devices, schemes, and artifices to defraud, (b) have made untrue statements of material facts and have omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, and (c) have engaged in acts, practices and courses of business which operate as a fraud and deceit upon plaintiffs, and other persons who may have been perspective purchasers.

65.     As part of an in furtherance of their scheme to defraud, defendants, directly and indirectly, in connection with purchases and sales of securities, misrepresented material facts and omitted to state material facts necessary in order to make the statements not misleading in light of the circumstances in which they were made, including, but limited to, those set forth above.

66.     Defendants knowingly or recklessly engaged in the conduct described in this complaint.

67.     By reason of the foregoing, defendants have violated the provisions of §10(b) of the Exchange Act (15 U.S.C.§78j(b) and Rule 10b-5 thereunder.

68.     Then as a result, it is respectfully requested that the Court enter a judgment ordering defendants to pay a civil money penalty for violations of the Federal Securities Laws as alleged herein and for $1,900,000.00 plus interest.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR
## FRAUD UNDER NEW YORK STATE LAW

70.     Plaintiffs repeat, reallege and reiterate paragraphs "1" through "68" of this complaint by reference as if fully set forth herein.

71.     That prior to each and every  investment, the defendants falsely and fraudulently represented to the plaintiffs that their investments were to be placed in sound real estate, equity, debentures, credits and bonds.

72.     That the representations made by defendants were, in fact, false. The defendants did not have a sound stock, real estate, equity, debenture, credit or bond investment.

73.     That the defendants knew their misrepresentations false and that these representations were made by the defendants to the plaintiffs with the intent to defraud and deceive plaintiffs and to induce plaintiffs to invest their money.

74.     That the defendants took the monies and denied their use to the plaintiff by means of fraud, deceit and deception.

75.     That at all times these representations were made, the plaintiffs were not in a position to exercise reasonable diligence and could not have known the defendants' intentions.

76.     As the proximate cause of defendants' fraud, deceit and deception and the facts herein alleged, plaintiffs have been damaged in the sum of $1,900,000.00.

77.     That in doing the alleged acts, the defendants acted with fraud.

## AS AND FOR A FIFTH CAUSE OF ACTION FOR
## FOR FRAUD UNDER NEW YORK STATE LAW

78.     Plaintiffs repeat, reallege and reiterate paragraphs "1" through "77" of this complaint by reference as if fully set forth herein.

79.     That prior to March 23, 2006, defendants falsely and fraudulently represented to plaintiffs that various stock purchases were a sound stock investment.

80.     The representations made by defendants were in fact false.  Defendants knew that these stocks were not a sound stock investment and that stocks were in companies with little or no assets.

81.     When defendants made these representations, defendants knew them to be false and these representations were made by defendants with the intent to defraud and deceive plaintiffs and with the intent to induce plaintiffs to invest their money.

82.     Plaintiffs, at the time these representations were made, and at the time plaintiffs invested their monies with defendants, could not in the exercise of reasonable diligence, have known defendants' intention to deceive them.

83.     As a proximate cause of defendants' fraud and deceit and the facts herein alleged, plaintiffs have been damaged in the sum of $1,900,000.00 plus interest.

84.     In doing the acts alleged herein, defendants acted with fraud, malice and plaintiffs are entitled to punitive damages in the sum of an amount to be awarded by a jury.

## AS AND FOR A SIXTH CAUSE OF ACTION FOR
## CONVERSION UNDER NEW YORK STATE

85.     The plaintiffs repeat, reallege and reiterate paragraphs "1" through "84" of this complaint by reference as if fully set forth herein.

86.     That instead of investing the money given to plaintiffs, the defendants took plaintiffs' money and converted it for their own personal use.

87.     That upon information and belief, the defendants have purchased luxury items including homes, jewelry, art, clothes, automobiles, real estate, stocks, equities and bonds from the money received from the plaintiffs, and have used such money for their own benefit.

88.     As a proximate cause of defendants' unlawful conversion, theft, purloinment, asportation, the plaintiffs have suffered damages in the sum of $1,900.000.00 plus interest.

89.     By reason of the foregoing, the plaintiffs seek judgment in the amount of $1,900,000.00 plus interest, costs and disbursements.

## AS AND FOR A SEVENTH CAUSE OF ACTION FOR
## BREACH OF FIDUCIARY DUTY

90.    Plaintiffs repeat, reallege and reiterate paragraphs "1" through "89" of this complaint by reference as if fully set forth herein.

91.    That by reason of the foregoing, the defendants and more particularly, BARRY FINGERHUT and DAVID HOLZER as partners, agent and principal, master and servant, or employer and employee breached the fiduciary duty to perform their professional services by investing monies and all funds in sound investments with utmost good faith and with the highest standards of care, foreclosure and fidelity.

92.    That the defendants breached their fiduciary duty in failing to act in good faith with the highest standard of care and complete fidelity.

93.    That the plaintiffs were harmed by the defendants' breach and are thus entitled to their full damages, $1,900,000.00 plus interest, attorneys' fees, interests, costs and disbursements.

## AS AND FOR AN EIGHTH CAUSE OF ACTION FOR
## BREACH OF FIDUCIARY DUTY

94.    Plaintiffs repeat, reallege and reiterate paragraphs "1" through "93" of this complaint by reference as if fully set forth herein.

95.    That BARRY FINGERHUT in the exercise of his duty as a principal, agent, associate or fiduciary of FINGERHUT-HOLZER PARTNERSHIP, FINGERHUT-HOLZER EQUITIES, FINGERHUT-HOLZER, INC. and FINGERHUT-HOLZER FUND L.P, GEO CAPITAL PARTNERS, INC., FINGERHUT- HOLZER THE WAVERLY I, LLC and FINGERHUT- HOLZER THE WAVERLY II, LLC knew that his partner DAVID HOLZER

was involved in fraud, deceit, dishonesty, in the theft, stealing, asportation, and purloinment of the assets, chattels, goods and monies of JOHN RAPILLO and HEIDI RAPILLO and that he took the benefit of the monies, goods and asserts for his own use.

96. That the plaintiffs were harmed by BARRY FINGERHUT's breach of fiduciary duty within his firm and to his partner and that the plaintiffs have been damaged in the sum of $1,900,000.00 plus interest, attorneys' fees, costs and disbursements.

## AS AND FOR A NINTH CAUSE OF ACTION FOR
## BREACH OF FIDUCIARY DUTY

97. Plaintiffs repeat, reallege and reiterate paragraphs "1" through "96" of this complaint by reference as if fully set forth herein.

98. That the plaintiffs are entitled to treble damages and punitive damages against each of the defendants for the theft, dishonesty, breach of fiduciary duty, conversion, fraud and violation of all of the statutes enumerated above.

99. That such punitive damages shall be computed in the sum of 25 million dollars and that treble damages be computed in the sum of 5.7 million dollars.

**WHEREFORE**, plaintiffs demand judgment against all of the defendants on all the causes of action herein in the amount of 1.9 million dollars for compensatory damages, $5.7 million dollars for treble damages and 25 million dollars for punitive damages, plus costs, disbursements and attorneys' fees.

Dated:      New York, New York
            November 6, 2009

Yours, etc.,

MARSHALL CONWAY WRIGHT & BRADLEY, PC

By: _____

Robert J. Conway (RJC 2373)
Attorneys for Plaintiffs
**JOHN RAPILLO and HEIDI RAPILLO**
116 John Street
New York, NY 10038
212-619-4444
File No.: 17-7394