UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
JOHN RAPILLO and HEIDI RAPILLO,                 Docket No.: 09CIV10429 (GBD)

                                                              **AMENDED**
                          Plaintiffs,                    **COMPLAINT**

      -against-
                                                     **Jury Trial Demanded**

BARRY FINGERHUT, DAVID HOLZER, FINGERHUT-
HOLZER PARTNERS LLC, FINGERHUT-HOLZER
EQUITIES, INC., FINGERHUT-HOLZER, INC., FINGERHUT-
HOLZER FUND L.P., GEO CAPITAL PARTNERS, INC.,
FINGERHUT-HOLZER THE WAVERLY I, LLC, FINGERHUT-
HOLZER THE WAVERLY II, LLC,

                          Defendants.
---------------------------------------------------------X

      Plaintiffs, complaining of defendants respectfully allege upon information and belief as follows:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction of this litigation under §27 of the Securities Exchange Act of 1934 ("The Exchange Act" 15 U.S.C. §78aa).

2.    The federal claims herein arise under §10(b) of the Exchange Act, 15 U.S.C. §78j(b) and §78t(a) and Rule 10b-5 promulgated there under by the Securities Exchange Commission (17 CFR §240.10b-5).

3.    Federal subject matter jurisdiction also exists pursuant to 15 U.S.C. §80b-14 (the Federal Investment Advisors Act of 1940) which provides in relevant part:

> The District Courts of the United States... shall have jurisdiction of violations of this subchapter... and ... of all suits in equity and actions at law brought to

enforce any liability or duty created by, or to enjoin any violation of this subchapter...

4. Venue is proper in this district pursuant to Title 28 §U.S.C. §1391(b) and Title 15 U.S.C.§80b-14, which provides in relevant part:

Any suit or action to enforce any liability or duty created by or to enjoin any violation of this subchapter...may be brought in any such district or in the district wherein the defendant is an inhabitant or transacts business, and process in such cases may be served in any district in which defendant is an inhabitant or transacts business or wherever the defendant may be found.

## THE PARTIES

5. That at all times hereinafter mentioned, plaintiff, JOHN RAPILLO, was and still is a resident of the State of New York and of this district.

6. That at all times hereinafter mentioned, plaintiff, HEIDI RAPILLO, was and still is a resident of the State of New York and of this district.

7. That at all times hereinafter mentioned, defendant, BARRY FINGERHUT, was and still is a resident of the State of New York and of this district.

8. That at all times hereinafter mentioned, defendant, DAVID HOLZER, was and still is a resident of the State of New York and of this district.

9. That at all times hereinafter mentioned, defendant, BARRY FINGERHUT, was a stock broker, stock trader, investor, investment advisor, investment counselor, financial advisor and operator of an investment business.

10. That at all times hereinafter mentioned, defendant, DAVID HOLZER, was a stock broker, stock trader, investor, investment advisor, investment counselor, financial advisor and operator of an investment business.

NOV-09-2010 16:26        KYOCERA                    12129622647      P.005

11. That at all times hereinafter mentioned, defendants, BARRY FINGERHUT and DAVID HOLZER together conducted business and offered their services as financial investors and counselors to the public at large.

12. That at all times hereinafter mentioned, defendants, BARRY FINGERHUT and DAVID HOLZER, conducted business as FINGERHUT-HOLZER PARTNERS.

13. That at all times hereinafter mentioned, defendants, BARRY FINGERHUT and DAVID HOLZER conducted business as FINGERHUT-HOLZER EQUITIES.

14. That at all times hereinafter mentioned, defendants, BARRY FINGERHUT and DAVID HOLZER operated as FINGERHUT-HOLZER, INC.

15. That at all times hereinafter mentioned, defendants, BARRY FINGERHUT and DAVID HOLZER operated as FINGERHUT-HOLZER FUND L.P.

16. That at all times hereinafter mentioned, defendants, BARRY FINGERHUT and DAVID HOLZER operated as FINGERHUT- HOLZER THE WAVERLY I, LLC.

17. That at all times hereinafter mentioned, defendants, BARRY FINGERHUT and DAVID HOLZER operated as FINGERHUT- HOLZER THE WAVERLY II, LCC.

18. That at all times hereinafter mentioned, defendants, BARRY FINGERHUT and DAVID HOLZER operated as GEO CAPITAL PARTNERS, INC.

19. That at all times hereinafter mentioned, defendant, FINGERHUT- HOLZER PARTNERS LLC was a domestic and/or foreign corporation licensed to do business in the State of New York and conducting business as a stock brokerage organization, financial consultants, investment advisors and/or owners, sellers, brokers, marketers, advisors and owners of financial instruments, equities, bonds, ventures, real estate and various forms of ownership.

20. That at all times hereinafter mentioned, defendant, FINGERHUT- HOLZER EQUITIES was a domestic and/or foreign corporation licensed to do business in the State of New York and conducting business as a stock brokerage organization, financial consultants, investment advisors and/or owners, sellers, brokers, marketers, advisors and owners of financial instruments, equities, bonds, ventures, real estate and various forms of ownership.

21. That at all times hereinafter mentioned, defendant, FINGERHUT- HOLZER, INC. was a domestic and/or foreign corporation licensed to do business in the State of New York and conducting business as a stock brokerage organization, financial consultants, investment advisors and/or owners, sellers, brokers, marketers, advisors and owners of financial instruments, equities, bonds, ventures, real estate and various forms of ownership.

22. That at all times hereinafter mentioned, defendant, FINGERHUT- HOLZER FUND L.P. was a domestic and/or foreign corporation licensed to do business in the State of New York and conducting business as a stock brokerage organization, financial consultants, investment advisors and/or owners, sellers, brokers, marketers, advisors and owners of financial instruments, equities, bonds, ventures, real estate and various forms of ownership.

23. That at all times hereinafter mentioned, defendant, GEO CAPITAL PARTNERS, INC. was a domestic and/or foreign corporation licensed to do business in the State of New York and conducting business as a stock brokerage organization, financial consultants, investment advisors and/or owners, sellers, brokers, marketers, advisors and

owners of financial instruments, equities, bonds, ventures, real estate and various forms of ownership.

24. That at all times hereinafter mentioned, defendant, FINGERHUT-HOLZER THE WAVERLY I, LLC was a domestic and/or foreign corporation licensed to do business in the State of New York and conducting business as a stock brokerage organization, financial consultants, investment advisors and/or owners, sellers, brokers, marketers, advisors and owners of financial instruments, equities, bonds, ventures, real estate and various forms of ownership.

25. That at all times hereinafter mentioned, defendant, FINGERHUT-HOLZER THE WAVERLY II, LLC was a domestic and/or foreign corporation licensed to do business in the State of New York and conducting business as a stock brokerage organization, financial consultants, investment advisors and/or owners, sellers, brokers, marketers, advisors and owners of financial instruments, equities, bonds, ventures, real estate and various forms of ownership.

26. That at all times hereinafter mentioned, DAVID HOLZER was a partner, employee, agent, fiduciary, acting on behalf of, with the direction and permission of, and for the benefit of BARRY FINGERHUT, FINGERHUT/HOLZER PARTNERS LLC, FINGERHUT-HOLZER EQUITIES, FINGERHUT-HOLZER, INC., FINGERHUT-HOLZER FUND L.P., GEO CAPITAL PARTNERS, INC., FINGERHUT-HOLZER THE WAVERLY I, LLC and/or FINGERHUT-HOLZER THE WAVERLY II, LLC.

27. That at all times hereinafter mentioned, BARRY FINGERHUT was a partner, employee, agent, fiduciary, acting on behalf of, with the direction and permission of, and for the benefit of BARRY FINGERHUT, FINGERHUT/HOLZER PARTNERS LLC,

FINGERHUT-HOLZER EQUITIES, FINGERHUT-HOLZER, INC., FINGERHUT-HOLZER FUND L.P., GEO CAPITAL PARTNERS, INC., FINGERHUT- HOLZER THE WAVERLY I, LLC and/or FINGERHUT- HOLZER THE WAVERLY II, LLC.

28. That at all times hereinafter mentioned, defendants, BARRY FINGERHUT and/or DAVID HOLZER entered into a financial partnership and/or relationship and/or association and/or agency and/or corporation in order to entice and suborn individuals to invest in real estate, stocks, bonds, debentures and other types of financial ventures.

29. That at all times hereinafter mentioned, each of the defendants sued herein was an agent and/or employee of each of the remaining defendants and was at all times acting within the purpose and scope of such agency and employment.

### THE BACKGROUND AND COMMUNICATIONS OF THE PARTIES

30. JOHN RAPILLO is an interior decorator. The defendant, DAVID HOLZER had been his customer. Mr. Rapillo had decorated both the first and second homes of DAVID HOLZER and his family. In the spring of 2004, DAVID HOLZER indicated to JOHN and HEIDI RAPILLO, his wife, that he was going into business with BARRY FINGERHUT. He indicated that they would be involved in investments and investment counseling.

31. On or about August of 2004, JOHN and HEIDI RAPILLO, came into possession of a sizeable sum of money in the approximate amount of $2,750,000.00.

32. Thereafter DAVID and LESLIE HOLZER, invited JOHN and HEIDI RAPILLO to spend the Jewish Holidays with them. The Holzers began purchasing extravagant gifts for the Rapillo's newborn daughter. In approximately December of 2004, DAVID HOLZER inquired of JOHN RAPILLO, "Did you do anything with your money?" JOHN

RAPILLO indicated that the investment had been put into bonds. DAVID HOLZER indicated to JOHN RAPILLO "I will let you know when a good investment comes up".

33. In the Spring of 2005, JOHN and HEIDI RAPILLO are invited to the FINGERHUT-HOLZER offices on Park Avenue. DAVID HOLZER showed the Rapillos his impressive offices. The offices are exquisitely appointed. Mr. Holzer extolted the skills and talents of BARRY FINGERHUT. He indicates that they are a partnership and he and Mr. Fingerhut only deal with very substantial sums of money.

34. In September of 2005, DAVID HOLZER and BARRY FINGERHUT conduct extravagant travels for their families in Africa. Mr. Holzer brags about the amount of money that he and Mr. Fingerhut spent on their travels. He brags of the success of their business ventures.

35. On or before October 19, 2005, DAVID HOLZER gave JOHN RAPILLO a prospectus on "The Waverly Phase I". He suggested that the Rapillos buy a penthouse apartment. According to DAVID HOLZER, "It is a safe investment that will triple your money". He added, "When the penthouse is built, it can be owned or rented and it will be an excellent return on their money." JOHN RAPILLO is advised that BARRY FINGERHUT, his partner, is a major investor with him in the program. He is further advised that Mr. Fingerhut serves on many boards and committees. He does extensive charitable work and owns multiple companies. DAVID HOLZER indicates to the Rapillos "You are like family to us." "This is why I want to do this for you." As a result, JOHN RAPILLO and HEIDI RAPILLO sent $300,000.00 of their funds to DAVID HOLZER and BARRY FINGERHUT and their companies to pursue the investment in The Waverly Phase I.

36. On or before December 15, 2005, DAVID HOLZER advised JOHN RAPILLO that he and BARRY FINGERHUT, are advancing a new movie dinner-theatre concept in Florida. DAVID HOLZER indicates that they are both investing in the venture. DAVID HOLZER said to JOHN RAPILLO "I think you should get involved too". As a result, JOHN RAPILLO and HEIDI RAPILLO wired $600,000.00 to DAVID HOLZER and BARRY FINGERHUT and their companies for this investment.

37. On or before January 31, 2006, DAVID HOLZER indicated that the Waverly Phase II is available for investment. He indicated that "You will double or triple your money." He added, "You should expect a return in twenty four months for all three investments". He indicated that FINGERHUT-HOLZER "guaranteed" the investment. As a result, the RAPILLO's invested $200,000.00 further with DAVID HOLZER and BARRY FINGERHUT and their companies.

38. On or before March 23, 2006, DAVID HOLZER advises the plaintiffs that V-Campus is a hot stock. He indicates that he and BARRY FINGERHUT are amongst the investors and they have a controlling interest. Mr. Holzer indicates that he has the paperwork. He indicated that "Money will be coming soon". As a result, the Rapillos invested $800,000.00 in the V-Campus with DAVID HOLZER, BARRY FINGERHUT and their companies.

39. No paperwork or indicia of ownership was presented for any of the investments. A short time thereafter, they requested the opportunity to cash out. DAVID HOLZER indicates "When money comes in, you can buy whatever you want-buy brand new and bigger." JOHN and HEIDI RAPILLO receive a single $5,000.00 check from DAVID HOLZER as a result of their request.

40. Thereafter on a date uncertain BARRY FINGERHUT contacted JOHN and HEIDI RAPILLO indicated, "You have to invest more money in these investments or I will zero you out." This statement occurred on or about January of 2009.

## THE CLAIM

41. That on or about October 10, 2005, the plaintiffs gave and entrusted the sum of $300,000 to BARRY FINGERHUT and DAVID HOLZER both in their capacities as owners and operators of FINGERHUT/HOLZER PARTNERS LLC, FINGERHUT-HOLZER EQUITIES, FINGERHUT-HOLZER, INC., FINGERHUT-HOLZER FUND L.P., GEO CAPITAL PARTNERS, INC., FINGERHUT- HOLZER THE WAVERLY I, LLC and FINGERHUT- HOLZER THE WAVERLY II, LLC for the purpose of investing in various profit making activities, in real estate, stock, real estate stock, equities, ventures, bonds and other indicia of ownership for the purpose of the financial improvement of that sum.

42. That hereinafter that sum of $300,000.00 was taken and used for the individual purpose and benefit of BARRY FINGERHUT and DAVID HOLZER, and that such sum has been stolen, purloined, removed, asportated and placed directly into the benefit of each of the defendants so as to deny the plaintiffs the benefits of their ownership.

43. That on or about December 15, 2005, the plaintiffs gave and entrusted the sum of $600,000 to BARRY FINGERHUT and DAVID HOLZER, both in their capacities as owners and operators of FINGERHUT/HOLZER PARTNERS LLC, FINGERHUT-HOLZER EQUITIES, FINGERHUT-HOLZER, INC., FINGERHUT-HOLZER FUND L.P., GEO

CAPITAL PARTNERS, INC., FINGERHUT- HOLZER THE WAVERLY I, LLC and FINGERHUT- HOLZER THE WAVERLY II, LLC, for the purpose of investing in various profit making activities, in real estate, stock, real estate stock, equities, ventures, bonds and other indicia of ownership for the purpose of the financial improvement of that sum.

44. That hereinafter that sum of $600,000.00 was taken and used for the individual purpose and benefit of BARRY FINGERHUT, DAVID HOLZER, and that such sum has been stolen, purloined, removed, asportated and placed directly into the benefit of each of the defendants so as to deny the plaintiffs the benefits of their ownership.

45. That on or about January 31, 2006, the plaintiffs gave and entrusted the sum of $200,000 to BARRY FINGERHUT and DAVID HOLZER, both in their capacities as owners and operators of FINGERHUT/HOLZER PARTNERS LLC, FINGERHUT-HOLZER EQUITIES, FINGERHUT-HOLZER, INC., FINGERHUT-HOLZER FUND L.P., GEO CAPITAL PARTNERS, INC., FINGERHUT- HOLZER THE WAVERLY I, LLC and FINGERHUT- HOLZER THE WAVERLY II, LLC, for the purpose of investing in various profit making activities, in real estate, stock, real estate stock, equities, ventures, bonds and other indicia of ownership for the purpose of the financial improvement of that sum.

46. That hereinafter that sum of $200,000.00 was taken and used for the individual purpose and benefit of BARRY FINGERHUT and DAVID HOLZER, and that such sum has been stolen, purloined, removed, asportated and placed directly into the benefit of each of the defendants so as to deny the plaintiffs the benefits of their ownership.

47. That on or about March 23, 2006, the plaintiffs gave and entrusted the sum of $800,000 to BARRY FINGERHUT and DAVID HOLZER, both in their capacities as

owners and operators of FINGERHUT/HOLZER PARTNERS LLC, FINGERHUT-HOLZER EQUITIES, FINGERHUT-HOLZER, INC., FINGERHUT-HOLZER FUND L.P., GEO CAPITAL PARTNERS, INC., FINGERHUT- HOLZER THE WAVERLY I, LLC and FINGERHUT- HOLZER THE WAVERLY II, LLC, for the purpose of investing in various profit making activities, in real estate, stock, real estate stock, equities, ventures, bonds and other indicia of ownership for the purpose of the financial improvement of that sum.

48. That hereinafter that sum of $800,000.00 was taken and used for the individual purpose and benefit of BARRY FINGERHUT and DAVID HOLZER, and that such sum has been stolen, purloined, removed, asportated and placed directly into the benefit of each of the defendants so as to deny the plaintiffs the benefits of their ownership.

49. That upon information and belief, the defendants never invested the plaintiffs' money in any stock, real estate, debentures, credits, bonds, or other indicia of ownership for the benefit of the plaintiffs.

50. That at all times hereinafter mentioned, defendants, DAVID HOLZER and BARRY FINGERHUT lured the plaintiffs into various investments and the entrustment of money to themselves and money has been translated into use for their own purposes.

51. That at all times hereinafter mentioned, defendants, DAVID HOLZER and BARRY FINGERHUT lured the plaintiffs into various investments and the entrustment of money to each individually and used this money entrusted to them each for his own purposes.

Case 1:09-cv-10429-VSB   Document 13   Filed 08/17/10   Page 12 of 20

## AS AND FOR A FIRST CAUSE OF ACTION FOR
## BREACH OF FIDUCIARY DUTY UNDER 15 U.S.C. §80B-6

52. Plaintiffs repeat, reallege and reiterate paragraphs "1" through "51" set forth above as if fully set forth herein.

53. Pursuant to the advisors act, defendants, BARRY FINGERHUT, DAVID HOLZER, FINGERHUT/HOLZER PARTNERS LLC, FINGERHUT-HOLZER EQUITIES, FINGERHUT-HOLZER, INC. and FINGERHUT-HOLZER FUND L.P., GEO CAPITAL PARTNERS, INC., FINGERHUT- HOLZER THE WAVERLY I, LLC and FINGERHUT-HOLZER THE WAVERLY II, LLC owed plaintiffs a duty to act with reasonable care in ensuring that full, honest and appropriate investment of the funds including full of their use to which their funds were being placed. Defendants affirmatively breached this fiduciary duty and additionally, concealed their wrong doing.

54. The defendants failed to place the investment stated above in appropriate equities, real estate, bond, debentures and financial vehicles.

55. As a proximate cause of defendants' breach of fiduciary duty, plaintiffs have each been harmed in the amount of their investments of $1,900,000.00 plus interest.

56. Accordingly, plaintiffs are entitled to restitution of the money they gave to defendants for investment purposes.

## AS AND FOR A SECOND CAUSE OF ACTION FOR
## FRAUD UNDER 15 U.S.C. §80B-6

57. Plaintiffs repeat, reallege and reiterate paragraphs "1" through "56" this complaint by reference as if fully set forth herein.

58. Pursuant to the Advisers Act, defendants owed plaintiffs a duty to disclose all material facts necessary for plaintiffs to make appropriate and fully informed financial decisions. Defendants breached this duty, by misrepresenting their rendering of personalized advise and omitting material facts concerning the nature and type of investments.

59. Plaintiffs were entitled to rely on defendants' representations by virtue of defendants' fiduciary duty to plaintiffs.

60. As a direct proximate cause of the fraudulent actions committed by defendants, plaintiffs have been harmed in the amounts that they have paid to defendants for investment purposes of $1,900,000.00 plus interest. Additionally, defendants have continued to conceal their wrongdoing.

## AS AND FOR A THIRD CAUSE OF ACTION FOR
## VIOLATION OF §10b OF THE EXCHANGE ACT RULE 10b-5 THEREUNDER

61. Plaintiffs repeat, reallege and reiterate paragraphs "1" through "60" of this complaint by reference as if fully set forth herein.

62. Defendants used promotional press releases, to solicit plaintiffs' interest in investing in various stocks.

63. The promotional material used in the solicitation campaign contained materially false and misleading information.

64. Defendants falsely and fraudulently represented to plaintiffs that the various stocks were a sound investment.

65. In reality, the various stocks had virtually no revenue and any promises to investors that the company's share would increase sharply was grossly misleading.

66. Defendants, directly or indirectly, singly and in concert with others, in connection with the purchase and sale of these securities, by use of the means and instrumentalities of Interstate Commerce and by use of the mail (a) have employed devices, schemes, and artifices to defraud, (b) have made untrue statements of material facts and have omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, and (c) have engaged in acts, practices and courses of business which operate as a fraud and deceit upon plaintiffs, and other persons who may have been perspective purchasers.

67. As part of an in furtherance of their scheme to defraud, defendants, directly and indirectly, in connection with purchases and sales of securities, misrepresented material facts and omitted to state material facts necessary in order to make the statements not misleading in light of the circumstances in which they were made, including, but limited to, those set forth above.

68. Defendants knowingly or recklessly engaged in the conduct described in this complaint.

69. By reason of the foregoing, defendants have violated the provisions of §10(b) of the Exchange Act (15 U.S.C.§78j(b) and Rule 10b-5 thereunder.

70. Then as a result, it is respectfully requested that the Court enter a judgment ordering defendants to pay a civil money penalty for violations of the Federal Securities Laws as alleged herein and for $1,900,000.00 plus interest.

Case 1:09-cv-10429-VSB Document 13 Filed 08/17/10 Page 15 of 20

## AS AND FOR A FOURTH CAUSE OF ACTION FOR
## FRAUD UNDER NEW YORK STATE LAW

71. Plaintiffs repeat, reallege and reiterate paragraphs "1" through "70" of this complaint by reference as if fully set forth herein.

72. That prior to each and every investment, the defendants falsely and fraudulently represented to the plaintiffs that their investments were to be placed in sound real estate, equity, debentures, credits and bonds.

73. That the representations made by defendants were, in fact, false. The defendants did not have a sound stock, real estate, equity, debenture, credit or bond investment.

74. That the defendants knew their misrepresentations false and that these representations were made by the defendants to the plaintiffs with the intent to defraud and deceive plaintiffs and to induce plaintiffs to invest their money.

75. That the defendants took the monies and denied their use to the plaintiff by means of fraud, deceit and deception.

76. That at all times these representations were made, the plaintiffs were not in a position to exercise reasonable diligence and could not have known the defendants' intentions.

77. As the proximate cause of defendants' fraud, deceit and deception and the facts herein alleged, plaintiffs have been damaged in the sum of $1,900,000.00.

78. That in doing the alleged acts, the defendants acted with fraud.

## AS AND FOR A FIFTH CAUSE OF ACTION FOR
## FOR FRAUD UNDER NEW YORK STATE LAW

79. Plaintiffs repeat, reallege and reiterate paragraphs "1" through "78" of this complaint by reference as if fully set forth herein.

80. That prior to March 23, 2006, defendants falsely and fraudulently represented to plaintiffs that various stock purchases were a sound stock investment.

81. The representations made by defendants were in fact false. Defendants knew that these stocks were not a sound stock investment and that stocks were in companies with little or no assets.

82. When defendants made these representations, defendants knew them to be false and these representations were made by defendants with the intent to defraud and deceive plaintiffs and with the intent to induce plaintiffs to invest their money.

83. Plaintiffs, at the time these representations were made, and at the time plaintiffs invested their monies with defendants, could not in the exercise of reasonable diligence, have known defendants' intention to deceive them.

84. As a proximate cause of defendants' fraud and deceit and the facts herein alleged, plaintiffs have been damaged in the sum of $1,900,000.00 plus interest.

85. In doing the acts alleged herein, defendants acted with fraud, malice and plaintiffs are entitled to punitive damages in the sum of an amount to be awarded by a jury.

## AS AND FOR A SIXTH CAUSE OF ACTION FOR
## CONVERSION UNDER NEW YORK STATE

86. The plaintiffs repeat, reallege and reiterate paragraphs "1" through "85" of this complaint by reference as if fully set forth herein.

87. That instead of investing the money given to plaintiffs, the defendants took plaintiffs' money and converted it for their own personal use.

88. That upon information and belief, the defendants have purchased luxury items including homes, jewelry, art, clothes, automobiles, real estate, stocks, equities and bonds from the money received from the plaintiffs, and have used such money for their own benefit.

89. As a proximate cause of defendants' unlawful conversion, theft, purloinment, asportation, the plaintiffs have suffered damages in the sum of $1,900.000.00 plus interest.

90. By reason of the foregoing, the plaintiffs seek judgment in the amount of $1,900,000.00 plus interest, costs and disbursements.

### AS AND FOR A SEVENTH CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTY

91. Plaintiffs repeat, reallege and reiterate paragraphs "1" through "90" of this complaint by reference as if fully set forth herein.

92. That by reason of the foregoing, the defendants and more particularly, BARRY FINGERHUT and DAVID HOLZER as partners, agent and principal, master and servant, or employer and employee breached the fiduciary duty to perform their professional services by investing monies and all funds in sound investments with utmost good faith and with the highest standards of care, foreclosure and fidelity.

93. That the defendants breached their fiduciary duty in failing to act in good faith with the highest standard of care and complete fidelity.

94.  That the plaintiffs were harmed by the defendants' breach and are thus entitled to their full damages, $1,900,000.00 plus interest, attorneys' fees, interests, costs and disbursements.

### AS AND FOR AN EIGHTH CAUSE OF ACTION FOR
### BREACH OF FIDUCIARY DUTY

95.  Plaintiffs repeat, reallege and reiterate paragraphs "1" through "94" of this complaint by reference as if fully set forth herein.

96.  That BARRY FINGERHUT in the exercise of his duty as a principal, agent, associate or fiduciary of FINGERHUT-HOLZER PARTNERSHIP, FINGERHUT-HOLZER EQUITIES, FINGERHUT-HOLZER, INC. and FINGERHUT-HOLZER FUND L.P, GEO CAPITAL PARTNERS, INC., FINGERHUT- HOLZER THE WAVERLY I, LLC and FINGERHUT- HOLZER THE WAVERLY II, LLC knew that his partner DAVID HOLZER was involved in fraud, deceit, dishonesty, in the theft, stealing, asportation, and purloinment of the assets, chattels, goods and monies of JOHN RAPILLO and HEIDI RAPILLO and that he took the benefit of the monies, goods and asserts for his own use.

97.  That the plaintiffs were harmed by BARRY FINGERHUT's breach of fiduciary duty within his firm and to his partner and that the plaintiffs have been damaged in the sum of $1,900,000.00 plus interest, attorneys' fees, costs and disbursements.

### AS AND FOR A NINTH CAUSE OF ACTION FOR
### BREACH OF FIDUCIARY DUTY

98.  Plaintiffs repeat, reallege and reiterate paragraphs "1" through "97" of this complaint by reference as if fully set forth herein.

99.  That the plaintiffs are entitled to treble damages and punitive damages against each of the defendants for the theft, dishonesty, breach of fiduciary duty, conversion, fraud and violation of all of the statutes enumerated above.

100.  That such punitive damages shall be computed in the sum of 25 million dollars and that treble damages be computed in the sum of 5.7 million dollars.

**WHEREFORE**, plaintiffs demand judgment against all of the defendants on all the causes of action herein in the amount of 1.9 million dollars for compensatory damages, 5.7 million dollars for treble damages and 25 million dollars for punitive damages, plus costs, disbursements and attorneys' fees.

Dated:   New York, New York
         August 10, 2010

                                    Yours, etc.,

                                    MARSHALL CONWAY WRIGHT & BRADLEY, PC

                                    By: _____
                                        Robert J. Conway (RJC 2373)
                                        Attorneys for Plaintiffs
                                        JOHN RAPILLO and HEIDI RAPILLO
                                        116 John Street
                                        New York, NY 10038
                                        212-619-4444
                                        File No.: 17-7394