RECEIVED
SDNY DOCKET UNIT
2018 AUG 27 PM 3: 54

John & Heidi Rapillo
14 Winding Lane
Scarsdale, NY  10583
(914) 472-8191

**APPLICATION GRANTED**
**SO ORDERED** *Vernon Bro*
**VERNON S. BRODERICK**
**U.S.D.J.** 8/29/2018

I am in receipt of Plaintiffs' letter dated August 14, 2018.  (Doc. 124.)  Having heard no objection, Plaintiffs' request is granted and the deadline for Plaintiffs to file their motion pursuant to Federal Rule of Civil Procedure 60(b), along with their supporting papers and any new evidence, shall be extended until December 5, 2018.

The Honorable Vernon S. Broderick
United States District Judge
Thurgood Marshall Courthouse
40 Foley Square, Room 415
New York, New York  10007

        Re:  Barry Fingerhut, et al
             Case #09-CV-10429 (VSB)

Dear Judge Broderick:

        On August 6, 2018, I had an appearance before the Honorable Shlomo S. Hagler at the Supreme Court of the State of New York regarding my Article 78 Proceeding against the District Attorney's office to unseal the records to support the Affirmation which relates to the above referenced case.  A copy of the minutes from this appearance are attached for your information.  At this appearance Judge Hagler instructed Valerie Figueredo, Esq. to assist me in obtaining the needed information to help me provide you with new evidence to reopen the case against Barry Fingerhut in your Court.

        We have a Court date scheduled before Judge Hagler on November 5, 2018.  You previously granted me an extension to September 1, 2018 and I respectfully request that you grant me another extension after my appearance on November 5, 2018.

        I would very much appreciate your granting this request.

                                        Respectfully submit

                                        *Heidi Rapillo*
                                        Heidi Rapillo

RECEIVED
SDNY DOCKET UNIT

2018 AUG 17  PM 3: 54

1

2  SUPREME COURT OF THE STATE OF NEW YORK
   COUNTY OF NEW YORK:    CIVIL TERM: PART - 17
3  -------------------------------------------------X
   HEIDI RAPILLO,
4
                              Plaintiffs
5
                                      INDEX NUMBER:
6           -against-                 101803/2017

7  DISTRICT ATTORNEY OF NY,

8

9                            Defendant
   -------------------------------------------------X
10                           60 Centre Street
                             New York, New York 10007
11                           August 6, 2018

12  BEFORE:
           HONORABLE: Shlomo S. Hagler, JSC
13

14  APPEARANCES:

15  Heidi Rapillo
    Plaintiff Appearing Pro Se
16

17  New York County District Attorney's Office
    One Hogan Place
18  New York, New York 10013
    By:  Valerie Figueredo, Esq.
19

20

21

22

23

24
                              Delores Hilliard
25                        Official Court Reporter

26

                              dh

2

```
 1                        Proceedings
 2          COURT CLERK:  Index Number 101803/2017.
 3          In the matter of   H E I D I   R A P I L L O
 4     versus   D I S T R I C T   A T T O R N E Y   O F   N E W
 5     Y O R K.
 6          THE COURT:  Good afternoon.
 7          This is an Article 78 seeking to compel respondent
 8     to provide certain records pursuant to the Foil law.
 9          Counsel, are you ready to proceed?
10          Are you counsel?
11          MS. RAPILLO:  I'm Heidi Rapillo.  I'm representing
12     myself, pro se.
13          THE COURT:  I apologize, I thought you were the
14     attorney.
15          So, you're ready to proceed without an attorney?
16          MS. RAPILLO:  Yes.
17          THE COURT:  And counsel, you're ready to proceed?
18          MS. FIGUEREDO:  Yes.
19          THE COURT: Ms. Rapillo, tell me why you're seeking
20     such information?
21          MS. RAPILLO:  I'm seeking, the purpose of my
22     Article 78 is to release certain information pertaining to
23     the affirmation to be relieved.
24          I filed a Form 60B in Federal Court with Judge
25     Broderick to reverse his decision.  And he basically said
26     that if I could bring further evidence to show how my money
```

3

Proceedings

1
2  was transferred to Mr. Fingerhut that he would reconsider
3  his decision.
4          So, it's a civil suit that has been going on for
5  about 10 years now.
6          THE COURT:  Why couldn't you just subpoena the bank
7  accounts of this Mr. Fingerhut that he received it or not or
8  your own bank accounts?
9          Because, I read the papers.  I'm just curious why
10 you couldn't simply do that.
11         MS. RAPILLO:  I don't think I'm able to do so.  I
12 have his account information.
13         THE COURT:  You are.  All you need to do is get a
14 subpoena from the judge and the judge would then order the
15 records transferred to the court.  And it would be available
16 for him or her.  It is a simple process.
17         I'm not trying to help you.  I'm just curious why
18 you just didn't do this simply.  We do subpoenas all of the
19 time for bank records.
20         MS. RAPILLO:  But, now because it occurred back in
21 2006.
22         THE COURT:  Oh, they may not have the bank records
23 anymore; correct.  They are not required to keep it that
24 long.  They are probably not available.
25         Now, I see what the issue is.  I knew that it
26 sounded too simple.  That's why I had the curiosity.

dh

Proceedings

1  It's not relevant to this, but I was just curious

2  why you came here and didn't just go to the judge and get a

3  subpoena and you would sidestep the entire process.  And if

4  the material is necessary the court will, and I have on such

5  an occasion provided that information via subpoena with

6  document production.

7  Okay.  So, let's go back to this case.

8  MS. RAPILLO:  Okay.

9  THE COURT:  You're seeking records from the D.A.'s

10  office.  And what particular records are you seeking?

11  MS. RAPILLO:  The records that pertain to the

12  affirmation that show how my $200,000 went, once it was

13  wired to Barry Fingerhut's business partner, David Holzer,

14  was directly transferred into Mr. Barry Fingerhut's personal

15  account.  So, our money being transferred to his personal

16  account instead of being invested in entities that they

17  promised to.

18  THE COURT:  Anything else you want to add?

19  MS. RAPILLO:  Yes.  I just wanted to state that the

20  D.A. claims that I am not legally entitled to this

21  information and that I did not adhere to the procedural

22  requirements.  But, I believe I did.

23  I have documentations from their office that states

24  that I did appeal.  And that they responded and the

25  documents were declined.  I believe I did take the

26

dh

1                        Proceedings

2     appropriate steps to do so.

3              THE COURT:  Okay.  Thank you.

4              Ms. Figueredo, counsel, in opposition.

5              MS. FIGUEREDO:  In her most recent request from

6     October, 2017, Ms. Rapillo seeks 5 separate categories of

7     documents.

8              As to all of those categories they are duplicative

9     of a request she had made in 2016.  Those requests were

10    never administratively appealed.  And therefore, she didn't

11    acknowledge her administrative remedies.

12             So, our first line of attack is why we are not

13    required to produce these documents is that she should have

14    administratively appealed.

15             THE COURT:  Let's do that one last.  Let's do the

16    substantive.

17             MS. FIGUEREDO:  As to the merits as to why we are

18    not required to produce the documents, the bulk of what she

19    wants are documents that show how her money was transferred

20    into these accounts were all documents obtained in a Grand

21    Jury subpoena.  Those we are not authorized by Statute to

22    release without a court order.  And she simply does not have

23    a court order requiring that disclosure.

24             THE COURT:  Did you ever go back to the judge and

25    try to get a court order to get those records?

26             MS. RAPILLO:  No.  I thought this was the

                                  dh

6

                              Proceedings

1
2    appropriate way to do so.

3              You mean to, Judge Broderick?

4         THE COURT:  Right.  Grand Jury records are

5    confidential unless the court releases it.

6         MS. RAPILLO:  But, the Grand Jury minutes were

7    already released.

8         THE COURT: I didn't hear you.

9         MS. RAPILLO:  If the Grand Jury minutes were

10   already released --

11        THE COURT:  What does that mean, the Grand Jury

12   minutes?  You have access to the Grand Jury minutes?

13        MS. RAPILLO:  No.  But, I believe that they were

14   released.

15        MS. FIGUEREDO:  So, my limited understanding is

16   that they were released to the defendant in the course of

17   his proceeding.  But, that would be different than releasing

18   them to a 3rd party.

19        THE COURT:  The minutes are not the same as the

20   back-up information, as well.

21        MS. FIGUEREDO:  Correct.

22        THE COURT:  So, let me explain.

23        MS. RAPILLO:  Okay.

24        THE COURT:  The minutes are simply a transcript of

25   what transpired in the Grand Jury.

26        MS. RAPILLO:  All right.

                              dh

7

Proceedings

1

2        THE COURT: You have that information or you don't

3  have that information?

4        MS. RAPILLO: I do not have that information.

5        THE COURT: So, that's what counsel just said. You

6  would not be privy to that.

7        The defendant may have access to it depending upon

8  what the court does. And I am not getting into the criminal

9  law now. It's beyond the purview of this case.

10       What you're seeking is more than that. You're

11  seeking any document that may be put into evidence before

12  the Grand Jury or something that the D.A. has relied upon

13  that was submitted to the Grand Jury.

14       And counsel is saying that absent a court order

15  from a judge you cannot get it. That is subject to FOIL.

16  That's what counsel --

17       I think that's what you are saying; is that

18  correct?

19       MS. FIGUEREDO: That's correct.

20       The Public Officer Law 87 exempting the disclosure

21  of documents that are protected by Statute, Criminal

22  Procedure law 192.25 subsection 8. A document obtained in a

23  Grand Jury subpoena is just Grand Jury evidence.

24       So, what she seeks in her FOIL request, bank

25  statements, copies of wire transfers and checks, all of that

26  information would have been obtained via Grand Jury

dh

8

1                             Proceedings

2      subpoena.

3             THE COURT:  Ms. Rapillo, counsel is saying you

4      cannot go into it.

5             The problem you're going to have now, it is 10

6      years later.  The Court case is probably closed; correct?

7      Long closed.

8             MS. RAPILLO:  But, you know, this is my issue.  Is

9      that when this occurred back in 2008 we were told by my own

10     investigator that my funds that were then turned over in

11     another separate document to Mr. Fingerhut I approached the

12     ADA and I said, this man is just guilty.  He said, correct,

13     he does have the money.  You have to wait until this case is

14     closed and sue him civilly.

15            Now, I feel they both perpetrated fraud.  I'm not

16     going to argue that today.  I'm sure you don't want to hear

17     that.  I feel both are criminal.  I believe one walked into

18     the D.A.'s office, threw the other one under the gate.  One

19     got immunity and one took the fall.

20            The point is the judge allowed me, if I can prove

21     further evidence with the affirmation that has been public.

22     I would just like, if possible, the documents that pertains

23     to that.  Just the $200,000 that David Holzer transferred to

24     Barry's personal account, my $200,000.  I don't seek

25     anything other than that.

26            I would even accept if it was redacted documents.

                              dh

9

Proceedings

2  Just anything that I can have to possibly allow Judge

3  Broderick, which he has allowed me to achieve relief.

4      I mean, I just feel that the D.A.'s office should

5  assist me somehow.

6      THE COURT:  Did you ever make a direct request to

7  the D.A.'s office, not through FOIL?

8      MS. RAPILLO:  Yes, we have made many requests.  I

9  have made tons of phone calls.  I was even told by Christine

10 Payne (phonetics), who is not at the D.A.'s office anymore.

11 She was shocked to hear that I had lost the case and why

12 wouldn't they release the information to me.

13     I understand that if it is sealed.  But, there has

14 to be something that you can release to me that pertains to

15 my money.  Because, this man sold everything in Greenwich,

16 Park Avenue, as soon as he was hit with my lawsuit.  And he

17 moved to Arizona, a homestead state.  So, he is protecting

18 himself.  And he is probably doing the same thing there.

19 And it is really not fair, because we lost everything.

20     THE COURT:  Ms. Rapillo, I'm trying my best --

21     MS. RAPILLO:  I know.  I'm sorry.

22     THE COURT:  To look at this in a way that would

23 give you some redress and some relief.

24     Is there any mechanism?  Let's go beyond FOIL.  And

25 I know this is probably outside of the purview of this case.

26 Is there a mechanism whereby a victim can get information to

dh

1                            Proceedings

2        try to obtain the funds that were stolen by the defendant in

3        the case?

4                MS. FIGUEREDO:  Because the documents were obtained

5        via the Grand Jury process her only, the only mechanism for

6        obtaining this document would be to seek an application in

7        Criminal Court, the same Grand Jury judge who would then

8        issue the order.

9                THE COURT:  But, the case is closed.  She still has

10       the ability to do so?

11               MS. FIGUEREDO:  I believe she could just file the

12       application and it would be assigned to the current Grand

13       Jury judge.

14               THE COURT:  I'm going to adjourn this case.  Why

15       don't you try doing that?

16               MS. RAPILLO:  To contact Judge Farber?

17               THE COURT:  Whoever the judge was on the case.

18               MS. RAPILLO:  Yes, Judge Farber.

19               THE COURT:  I'm not sure if there is a time

20       limitation to do this.  It is not something that I regularly

21       do.

22               I know I have had this before.  And I believe you

23       can go back to the judge that was the judge that presided

24       over the criminal matter.

25               MS. RAPILLO:  Okay.

26               THE COURT:  And make an application to unseal the

records, because you are the victim.  It is your record,
essentially, that you want to prove that this person took
the money.

      Quite frankly, I think he plead guilty in the
matter.  So, it should not be that difficult to at least put
your point across that the defendant, A, is there a judgment
you have in Criminal Court?  Was there a judgment against
Mr. Fingerhut?

      MS. RAPILLO:  No, there isn't a judgment, no.  I
lost that case.  And that's --

      THE COURT:  I'm talking about in Criminal Court.

      Sometimes, the Criminal Court judge requires, as a
part of the sentence there is a judgment or requires that
you give back and pay the proceeds of the theft.

      MS. RAPILLO:  But, he claims he has nothing.

      THE COURT:  That doesn't matter.  There may have
been a judgment entered against him in Criminal Court for
the amount of the thefts.

      MS. FIGUEREDO:  There was a Criminal Court action.
I think that was also.

      THE COURT:  I'm sorry, I can't hear you.

      MS. FIGUEREDO:  There was a Civil Court
interaction, which I think has also been resolved.  I'm just
not sure how much they recovered, if anything.  We recently,
when Mr. Fingerhut -- Mr. Holder handed a check for 3,000.

12

1                        Proceedings

2       Then his business partner, Fingerhut, gets 6, 7 times the

3       amount.

4                 So, we received a check last week for 300 and

5       change.

6                 THE COURT:  You basically got nothing back.

7                 MS. RAPILLO:  Correct.

8                 THE COURT:  So, what I suggest is let me adjourn

9       this, let me keep this going.

10                I would ask that the D.A. assist in any way Ms.

11      Rapillo.  And maybe you can even join in the application to

12      get this release.  Because, it sounds like this is fair and

13      right.  Even though you may be correct legally that it's

14      protected by the secrecy of the Grand Jury.

15                And I'm the first one to say that I wouldn't invade

16      the Grand Jury deliberations, I cannot.  However, we're all

17      for justice.  And I want to do justice for Ms. Rapillo.  And

18      the D.A.'s office even prosecuted this.  You know more than

19      me about the injustice that Ms. Rapillo went through.

20                I strongly recommend you can bring it to your

21      superior, you can order the transcript, that you assist Mr.

22      Rapillo to get the judge to unseal it.  Therefore, either

23      she can get the records directly from you or we can go back

24      and change the position if it's no longer sealed.

25

26

                               dh

13

```
 1                         Proceedings
 2             That's the right thing to do.
 3             This matter stands adjourned.
 4             MS. RAPILLO:   Thank you.
 5                           ***
 6             Certified to be a true and accurate transcription
 7    of said stenographic notes.
 8    _____
 9              Official Court Reporter
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
```

dh

RECEIVED
SDNY DOCKET UNIT

2018 AUG 17 PM 3: 54

Rapillo
14 Winding Lane
Scarsdale, NY 10583

Pro Se Unit
U.S. District Court
Southern District
500 Pearl Street, Room 200
New York, NY 10007

