UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN RAPILLO and HEIDI RAPILLO,

                       Plaintiffs,

   - against –

BARRY FINGERHUT, et al.,

                       Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/12/2018

09-CV-10429 (VSB)

**ORDER**

VERNON S. BRODERICK, United States District Judge:

      On November 30, 2017, Plaintiffs filed a notice of motion for summary judgment with regard to their claims against defendant David Holzer.  (Doc. 115.)  Plaintiffs' notice of motion attached an affirmation of service but no memorandum of law or other supporting documentation.[1]

      Local Rule 7.1 reads:

> [A]ll motions shall include the following motion papers: (1) A notice of motion . . . which shall specify the applicable rules or statutes pursuant to which the motion is brought, and shall specify the relief sought by the motion; (2) A memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined; (3) Supporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion.

Plaintiffs failed to comply with each of these requirements.  This Rule is not a mere formality.  Rather, the Rule must be observed to inform the opposing party of the factual and legal basis of

---

[1] I note that Plaintiffs also filed an untimely Rule 56.1 Statement of Undisputed Material Facts.  (Doc. 117.)  The Rule 56.1 Statement consists of one page of unsupported factual content, along with a one-page Memo of Law in Support of Summary Judgment that contains no legal authority.  (*Id.*)  The Rule 56.1 Statement also attaches an April 30, 2009 plea agreement signed by David Holzer, and a February 18, 2009 affirmation signed by investigator Shannon Rowe of the New York County District Attorney's Office.  (*Id.*)

the movant's arguments. *See Sharp v. Bivona*, 304 F. Supp. 2d 357, 361–62 (E.D.N.Y. 2004). In addition, failing to comply with this Rule places the burden on the Court to construct the legal arguments and to conduct the legal research that is the responsibility of the parties. *See Broad v. DKP Corp.*, No. 97 Civ.2029(LAP), 1998 WL 516113, at *3 (S.D.N.Y. Aug. 19, 1998) (noting that a plaintiff's failure to adequately brief his motion "would require [the court] to construct plaintiff's legal arguments for him in order to reach the merits of defendant's motion" and that "[t]his is an unacceptable burden to place upon a court"). Thus, because Plaintiffs have failed to comply with Local Rule 7.1, their motion for summary judgment is denied. *See Sharp*, 304 F. Supp. 2d at 361–62 (denying motion for summary judgment without prejudice with leave to refile upon compliance with the Local Rules); *see also Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (stating that pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law") (internal quotation marks omitted); *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) ("Although pro se litigants should be afforded latitude, they generally are required to inform themselves regarding procedural rules and to comply with them. This is especially true in civil litigation.") (internal citations and quotation marks omitted).

Accordingly, it is hereby

ORDERED that Plaintiffs' motion for summary judgment, (Doc. 115), is DENIED with leave to refile. Plaintiffs shall refile their motion for summary judgment, in compliance with Local Rule 7.1, on or before October 25, 2018. I recommend that Plaintiffs work with the pro se clinic, to the extent they have not already done so.

Defendant shall file his opposition to the motion on or before November 30, 2018. Defendant is warned that failure to respond to the motion may lead to my granting the motion and entering judgment in favor of Plaintiffs.

Plaintiff's reply, if any, shall be filed on or before December 28, 2018.

The Clerk of Court is directed to mail a copy of this Order to the pro se Plaintiffs and close the open motion at Doc. No. 115.

SO ORDERED.

Dated:   September 12, 2018
         New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge