John & Heidi Rapillo
14 Winding Lane
Scarsdale, NY 10583
(914) 472-8191

RECEIVED
SDNY DOCKET UNIT
2018 NOV -9 PM 3:59

November 8, 2018

09cv10429 pro se

The Honorable Vernon S. Broderick
United States District Judge
U.S. District Court, Southern District
Thurgood Marshall Courthouse
40 Foley Square, Room 415
New York, New York  10007

Re: Barry Fingerhut, et al

Dear Judge Broderick:

We are writing this letter to ask if you could issue a subpoena to obtain bank records for Barry Fingerhut to reopen discovery for the limited purpose in support of our Rule 60b Motion. We have been unable to obtain records from the District Attorney's office in New York State Court. These bank records would show the transfer of the funds my husband and I transferred to Mr. David Holzer which he in turn transferred to the following accounts:

1.* Barry & Pamela Fingerhut's personal account - $200,000 dated on December 15, 2005.
2. *Fingerhut Holzer Partners (FH Partners).

*On December 15, 2005 my husband and I transferred $600,000 to David Holzer. David Holzer on the same day transferred $200,000 of our money to Barry & Pamela Fingerhut's personal account as well as additional transfers to Fingerhut Holzer Partners. These transfers have been substantiated in Shannon Rowe's, (of the DA's office) sworn affirmation and Madeline Guilman's (of the DA's office) sworn affirmation in addition to the investigation by the financial analyst in the DAs office, Nick Cangro.

We would like to withdraw our Motion for Summary Judgment against David Holzer.

I would very much appreciate your granting this request.

Respectfully submitted,

Heidi Rapillo

John Rapillo

APPLICATION DENIED.
SO ORDERED
VERNON S. BRODERICK
U.S.D.J. 12/9/2018

I am in receipt of Plaintiffs' letter requesting the Court to issue a subpoena to obtain bank records for Barry Fingerhut and to reopen discovery for the limited purpose of Plaintiffs' Rule 60(b) motion. On a Rule 60(b)(2) motion, the movant must demonstrate that "(1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) that the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching." United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 392 (2d Cir. 2001). Plaintiffs have not alleged any facts in furtherance of Rule 60(b) demonstrating why they were unable to obtain the requested evidence prior to my ruling on the dispositive motion or how the requested evidence would change the outcome of this matter. Accordingly, the request is denied. The Clerk of Court is respectfully directed to mail a copy of this Order to the pro se Plaintiffs.

Rapillo
14 Winding Lane
Scarsdale, NY 10583

Pro Se Unit
U.S. District Court
Southern District
500 Pearl Street, Room 200
New York, NY 10007

RECEIVED
SDNY DOCKET UNIT
2018 NOV -9 PM 3:59