UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN RAPILLO and HEIDI RAPILLO,

              Plaintiffs,

—against—

BARRY FINGERHUT et al,

              Defendants.

------------------------------------------------------------x

**AFFIDAVIT FOR JUDGMENT BY DEFAULT**

09-CV-10429(VSB)

Heidi Rapillo, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury that the following is true and correct:[1]

1. I am the Plaintiff pro se in the above-captioned action and I am familiar with all the facts and circumstances in this action.

2. I make this affidavit pursuant to Rule 55.1 and 55.2(a) of the Civil Rules for the Southern District of New York, in support of my request for a Clerk's certificate of entry for default.

3. Jurisdiction of the subject matter of this action arises under federal law.

4. This action was commenced on December 23, 2009 by the filing of the complaint on that date, and the issuance of the summons on December 23, 2009, pursuant to Fed. R. Civ. P. 4. Copies of the pleadings are attached as **Exhibit A.** The affidavit of service of the summons and complaint is not in the docket, and I have been unable to obtain it because

---

[1] This document was prepared with the assistance of NYLAG's Legal Clinic for Pro Se Litigants in the SDNY.

it is in the possession of my former attorney, Robert J. Conway. I have reached out to Mr. Conway to request these documents but they have not yet been provided.

5.  The Defendant has defaulted in appearance in the above captioned matter. The Defendant answered the complaint on February 4, 2014, but thereafter made no filings for approximately three and a half years. On October 19, 2017, I filed a letter informing the Court that I would like to proceed with a judgment against Defendant Holzer (Docket #110). On October 23, 2017, Defendant Holzer filed a "response to default judgment" (Docket #111). On October 26, 2017, Defendant Holzer appeared at a status conference before Judge Broderick. As a result of Defendant Holzer's appearance at the October 26 conference, and for other reasons stated on the record, Judge Broderick issued an order on October 27, 2017 denying my motion for default judgment (Docket #112). Copies of these letters and Judge Broderick's October 27 order are attached as **Exhibit B.**

6.  Following his appearance at the status conference in October 2017, Defendant Holzer made no further filings. After Defendant Holzer failed to appear at a status conference held before Judge Broderick on April 26, 2019, Judge Broderick issued a court order on April 29, 2019 ordering me to "initiate the process of moving for default judgment against Defendant David Holzer" within 45 days of the date of the order (Docket # 134). This order is attached as **Exhibit C.**

7.  On May 14, 2019 I attempted to initiate the process of moving for default judgment by filing an Affirmation in Support of Clerk's Certificate of Default (Docket #135). This Affirmation is attached as **Exhibit D.**

8.  On June 18, 2019 Judge Broderick issued an order stating that my affirmation alone "appears insufficient to generate a request for a Clerk's Certificate of Default and to

initiate the process of seeking default judgment against Defendant Holzer" (Docket

#136). Accordingly, Judge Broderick ordered that I be granted an additional 30 days from

the date of the order to move for default judgment against Defendant Holzer. This order is

attached at **Exhibit E**.

9.  This action seeks judgment for the liquidated amount of $1,600,000 with interest at an

    amount determined by 28 U.S.C. 1961 from December 15, 2005 to date of entry of

    judgment in the amount of _____ , minus money obtained in restitution from Safe

    Horizons and the District Attorney's office in the amount of $69,831.21, plus costs and

    disbursements of this action in the amount of $500, for a total of_____, as

    shown by the annexed Statement, **Exhibit F**, which is justly due and owing, and no part

    of which has been paid except as therein set forth.

10. The disbursements sought to be taxed have been made in this action or will necessarily be

    made herein.

11. A proposed Default Judgment is attached as **Exhibit G.**

12. A Certificate of Default is attached as **Exhibit H.**

    WHEREFORE, plaintiff requests the entry of Default and the entry of the annexed

    Judgment against defendant.

Dated: New York, New York                        _Heidi Rapillo_

July 18, 2019                                     Heidi Rapillo

On this 18 day of July, 2019, before me personally came Heidi Rapillo, to me known and known to me to be the person described in and who executed the foregoing instrument and she acknowledged to me that she executed the same.

Notary Public

DONNA GIAQUINTO
Notary Public, State of New York
No. 01GI6051132
Qualified in Westchester County
Commission Expires November 20, 22

Exhibit A: the pleadings
   (1)Complaint
   (2)Defendants' answer

AO 440 (Rev. 02/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of New York

| | |
|---|---|
| JOHN RAPILLO and HEIDI RAPILLO | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. |
| BARRY FINGERHUT, DAVID HOLZER, | ) |
| FINGERHUT-HOLZER PARTNERS LLC, et al. | ) |
| _Defendant_ | ) |

'09 CIV 10429

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  See attached RIDERS

A lawsuit has been filed against you.

Within 20 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

J. MICHAEL McMAHON
_CLERK OF COURT_

DEC 2 3 2009

Date: _____

_Signature of Clerk or Deputy Clerk_

## RIDER TO CAPTION

------------------------------------------------------------------X

JOHN RAPILLO and HEIDI RAPILLO,

                      Plaintiffs,

      -against-

BARRY FINGERHUT, DAVID HOLZER, FINGERHUT-
HOLZER PARTNERS LLC, FINGERHUT-HOLZER
EQUITIES, INC., FINGERHUT-HOLZER, INC., FINGERHUT-
HOLZER FUND L.P., GEO CAPITAL PARTNERS, INC.,
FINGERHUT-HOLZER THE WAVERLY I, LLC, FINGERHUT-
HOLZER THE WAVERLY II, LLC, LESLIE HOLZER,
DOUGLAS HOLZER, JENNIFER HOLZER, JOSHUA
HOLZER and  JOSEPH HOLZER,

                    Defendants.

------------------------------------------------------------------X

# R I D E R
## TO SUMMONS

**Defendants' Names and Addresses:**

BARRY FINGERHUT
c/o Fingerhut Management Corp.
12 East 49th Street
New York, New York 10017

DAVID HOLZER
c/o New York State Department of Corrections
75-20 Astoria Boulevard
East Elmhurst, New York 11370

DAVID HOLZER
c/o Warden, NYS State Department of Corrections
The Tombs
125 White Street
New York,  New York 10013

FINGERHUT-HOLZER PARTNERS LLC,
399 Park Avenue
New York, New York 10022

FINGERHUT-HOLZER EQUITIES, INC.
399 Park Avenue
New York, New York 10022

FINGERHUT-HOLZER, INC.
399 Park Avenue
New York, New York 10022

FINGERHUT-HOLZER FUND L.P.
399 Park Avenue
New York, New York 10022

GEO CAPITAL PARTNERS, INC.
24 Hillandale Road
Rye Brook, New York 10573

FINGERHUT-HOLZER THE WAVERLY I, LLC
399 Park Avenue
New York, New York 10022

FINGERHUT-HOLZER THE WAVERLY II, LLC
399 Park Avenue
New York, New York 10022

LESLIE HOLZER
c/o Pamela Lustig
500 Kappock Street
Apt. 6H
Bronx, New York 10463

DOUGLAS HOLZER
245 East 80th Street
Apt. 7H
New York, New York 10021

JENNIFER HOLZER
756 Washington Street
New York, New York 10014

JOSHUA HOLZER
c/o Pamela Lustig
500 Kappock Street
Apt. 6H
Bronx, New York 10463

JOSEPH HOLZER
c/o Pamela Lustig
500 Kappock Street
Apt. 6H
Bronx, New York 10463

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

JOHN RAPILLO and HEIDI RAPILLO,                    Civil Action No. :

                              Plaintiffs,          **COMPLAINT**

        -against-

BARRY FINGERHUT, DAVID HOLZER, FINGERHUT- **09   CIV 10429**
HOLZER PARTNERS LLC, FINGERHUT-HOLZER
EQUITIES, INC., FINGERHUT-HOLZER, INC., FINGERHUT-
HOLZER FUND L.P., GEO CAPITAL PARTNERS, INC.,
FINGERHUT-HOLZER THE WAVERLY I, LLC, FINGERHUT-
HOLZER THE WAVERLY II, LLC, LESLIE HOLZER,
DOUGLAS HOLZER, JENNIFER HOLZER, JOSHUA
HOLZER and  JOSEPH HOLZER,

                              Defendants.

------------------------------------------------------------------X

        Plaintiffs, complaining of defendants respectfully allege upon information and belief

as follows:

## JURISDICTION AND VENUE

        1.      This Court has jurisdiction of this litigation under §27 of the Securities

Exchange Act of 1934 ("The Exchange Act" 15 U.S.C. §78aa).

        2.      The federal claims herein arise under §10(b) of the Exchange Act, 15 U.S.C.

§78j(b) and §78t(a) and Rule 10b-5 promulgated there under by the Securities Exchange

Commission (17 CFR §240.10b-5).

        3.      Federal subject matter jurisdiction also exists pursuant to 15 U.S.C. §80b-14

(the Federal Investment Advisors Act of 1940) which provides in relevant part:

The District Courts of the United States… shall have jurisdiction of violations of this subchapter… and … of all suits in equity and actions at law brought to enforce any liability or duty created by, or to enjoin any violation of this subchapter…

4.     Venue is proper in this district pursuant to Title 28 §U.S.C. §1391(b) and Title 15 U.S.C.§80b-14, which provides in relevant part:

Any suit or action to enforce any liability or duty created by or to enjoin any violation of this subchapter…may be brought in any such district or in the district wherein the defendant is an inhabitant or transacts business, and process in such cases may be served in any district in which defendant is an inhabitant or transacts business or wherever the defendant may be found.

## THE PARTIES

5.     That at all times hereinafter mentioned, plaintiff, JOHN RAPILLO, was and still is a resident of the State of New York and of this district.

6.     That at all times hereinafter mentioned, plaintiff, HEIDI RAPILLO, was and still is a resident of the State of New York and of this district.

7.     That at all times hereinafter mentioned, defendant, BARRY FINGERHUT, was and still is a resident of the State of New York and of this district.

8.     That at all times hereinafter mentioned, defendant, DAVID HOLZER, was and still is a resident of the State of New York and of this district.

9.     That at all times hereinafter mentioned, defendant, LESLIE HOLZER, was and still is a resident of the State of New York and of this district.

10.     That at all times hereinafter mentioned, defendant, DOUGLAS HOLZER, was and still is a resident of the State of New York and of this district.

11.     That at all times hereinafter mentioned, defendant, JENNIFER HOLZER, was and still is a resident of the State of New York and of this district.

12. That at all times hereinafter mentioned, defendant, JOSHUA HOLZER, was and still is a resident of the State of New York and of this district.

13. That at all times hereinafter mentioned, defendant, JOSEPH HOLZER, was and still is a resident of the State of New York and of this district.

14. That at all times hereinafter mentioned, defendant, BARRY FINGERHUT, was a stock broker, stock trader, investor and operator of an investment business.

15. That at all times hereinafter mentioned, defendant, DAVID HOLZER, was a stock broker, stock trader, investor and operator of an investment business.

16. That at all times hereinafter mentioned, defendants, BARRY FINGERHUT and DAVID HOLZER together conducted business and offered their services as financial investors and counselors to the public at large.

17. That at all times hereinafter mentioned, defendants, BARRY FINGERHUT and DAVID HOLZER, conducted business as FINGERHUT-HOLZER PARTNERS.

18. That at all times hereinafter mentioned, defendants, BARRY FINGERHUT and DAVID HOLZER conducted business as FINGERHUT-HOLZER EQUITIES.

19. That at all times hereinafter mentioned, defendants, BARRY FINGERHUT and DAVID HOLZER operated as FINGERHUT-HOLZER, INC.

20. That at all times hereinafter mentioned, defendants, BARRY FINGERHUT and DAVID HOLZER operated as FINGERHUT-HOLZER FUND L.P.

21. That at all times hereinafter mentioned, defendants, BARRY FINGERHUT and DAVID HOLZER operated as FINGERHUT- HOLZER THE WAVERLY I, LLC.

22. That at all times hereinafter mentioned, defendants, BARRY FINGERHUT and DAVID HOLZER operated as FINGERHUT- HOLZER THE WAVERLY II, LCC.

23.  That at all times hereinafter mentioned, defendants, BARRY FINGERHUT and DAVID HOLZER operated as GEO CAPITAL PARTNERS, INC.

24.  That at all times hereinafter mentioned, defendant, FINGERHUT- HOLZER PARTNERS LLC was a domestic and/or foreign corporation licensed to do business in the State of New York and conducting business as a stock brokerage organization, financial consultants, investment advisors and/or owners, sellers, brokers, marketers, advisors and owners of financial instruments, equities, bonds, ventures, real estate and various forms of ownership.

25.  That at all times hereinafter mentioned, defendant, FINGERHUT- HOLZER EQUITIES was a domestic and/or foreign corporation licensed to do business in the State of New York and conducting business as a stock brokerage organization, financial consultants, investment advisors and/or owners, sellers, brokers, marketers, advisors and owners of financial instruments, equities, bonds, ventures, real estate and various forms of ownership.

26.  That at all times hereinafter mentioned, defendant, FINGERHUT- HOLZER, INC. was a domestic and/or foreign corporation licensed to do business in the State of New York and conducting business as a stock brokerage organization, financial consultants, investment advisors and/or owners, sellers, brokers, marketers, advisors and owners of financial instruments, equities, bonds, ventures, real estate and various forms of ownership.

27.  That at all times hereinafter mentioned, defendant, FINGERHUT- HOLZER FUND L.P. was a domestic and/or foreign corporation licensed to do business in the State of New York and conducting business as a stock brokerage organization, financial

consultants, investment advisors and/or owners, sellers, brokers, marketers, advisors and owners of financial instruments, equities, bonds, ventures, real estate and various forms of ownership.

28.    That at all times hereinafter mentioned, defendant, GEO CAPITAL PARTNERS, INC. was a domestic and/or foreign corporation licensed to do business in the State of New York and conducting business as a stock brokerage organization, financial consultants, investment advisors and/or owners, sellers, brokers, marketers, advisors and owners of financial instruments, equities, bonds, ventures, real estate and various forms of ownership.

29.    That at all times hereinafter mentioned, defendant, FINGERHUT- HOLZER THE WAVERLY I, LLC was a domestic and/or foreign corporation licensed to do business in the State of New York and conducting business as a stock brokerage organization, financial consultants, investment advisors and/or owners, sellers, brokers, marketers, advisors and owners of financial instruments, equities, bonds, ventures, real estate and various forms of ownership.

30.    That at all times hereinafter mentioned, defendant, FINGERHUT- HOLZER THE WAVERLY II, LLC was a domestic and/or foreign corporation licensed to do business in the State of New York and conducting business as a stock brokerage organization, financial consultants, investment advisors and/or owners, sellers, brokers, marketers, advisors and owners of financial instruments, equities, bonds, ventures, real estate and various forms of ownership.

31.    That at all times hereinafter mentioned, DAVID HOLZER was a partner, employee, agent, fiduciary, acting on behalf of, with the direction and permission of, and for

the benefit of BARRY FINGERHUT, FINGERHUT/HOLZER PARTNERS LLC, FINGERHUT-HOLZER EQUITIES, FINGERHUT-HOLZER, INC., FINGERHUT-HOLZER FUND L.P., GEO CAPITAL PARTNERS, INC., FINGERHUT- HOLZER THE WAVERLY I, LLC and/or FINGERHUT- HOLZER THE WAVERLY II, LLC.

32.    That at all times hereinafter mentioned, BARRY FINGERHUT was a partner, employee, agent, fiduciary, acting on behalf of, with the direction and permission of, and for the benefit of BARRY FINGERHUT, FINGERHUT/HOLZER PARTNERS LLC, FINGERHUT-HOLZER EQUITIES, FINGERHUT-HOLZER, INC., FINGERHUT-HOLZER FUND L.P., GEO CAPITAL PARTNERS, INC., FINGERHUT- HOLZER THE WAVERLY I, LLC and/or FINGERHUT- HOLZER THE WAVERLY II, LLC.

33.    That at all times hereinafter mentioned, LESLIE HOLZER was a partner, employee, agent, fiduciary, acting on behalf of, with the direction and permission of, and for the benefit of BARRY FINGERHUT, FINGERHUT/HOLZER PARTNERS LLC, FINGERHUT-HOLZER EQUITIES, FINGERHUT-HOLZER, INC., FINGERHUT-HOLZER FUND L.P., GEO CAPITAL PARTNERS, INC., FINGERHUT- HOLZER THE WAVERLY I, LLC and/or FINGERHUT- HOLZER THE WAVERLY II, LLC.

34.    That at all times hereinafter mentioned, defendants, BARRY FINGERHUT and/or DAVID HOLZER and/or LESLIE HOLZER entered into a financial partnership and/or relationship and/or association and/or agency and/or corporation in order to woo and entice individuals to invest in real estate, stocks and other types of financial ventures.

35.    That at all times hereinafter mentioned, defendants, LESLIE HOLZER, DOUGLAS HOLZER, JENNIFER HOLZER, JOSHUA HOLZER and JOSEPH HOLZER, were family members of DAVID HOLZER and were beneficiaries of his employment in that

they participated and took benefit from the profits, salary, wages, emoluments, benefits, perquisites and other instances of the business and operation created by BARRY FINGERHUT and DAVID HOLZER and that all received material benefits arising from the affairs of BARRY FINGERHUT and DAVID HOLZER, individually and in their other financial arrangements.

36.     That at all times hereinafter mentioned, each of the defendants sued herein was an agent and/or employee of each of the remaining defendants and was at all times acting within the purpose and scope of such agency and employment.

37.     That on or about October 10, 2005, the plaintiffs gave and entrusted the sum of $300,000 to BARRY FINGERHUT, DAVID HOLZER and LESLIE HOLZER both in their capacities as owners and operators of FINGERHUT/HOLZER PARTNERS LLC, FINGERHUT-HOLZER EQUITIES, FINGERHUT-HOLZER, INC., FINGERHUT-HOLZER FUND L.P., GEO CAPITAL PARTNERS, INC., FINGERHUT- HOLZER THE WAVERLY I, LLC and FINGERHUT- HOLZER THE WAVERLY II, LLC for the purpose of investing in various profit making activities, in real estate, stock, real estate stock, equities, ventures, bonds and other indicia of ownership for the purpose of the financial improvement of that sum.

38.     That hereinafter that sum of $300,000.00 was taken and used for the individual purpose and benefit of BARRY FINGERHUT, DAVID HOLZER, LESLIE HOLZER, DOUGLAS HOLZER, JENNIFER HOLZER, JOSHUA HOLZER and JOSEPH HOLZER, and that such sum has been stolen, purloined, removed, asportated and placed directly into the benefit of each of the defendants so as to deny the plaintiffs the benefits of their ownership.

39.     That on or about December 15, 2005, the plaintiffs gave and entrusted the sum of $600,000 to BARRY FINGERHUT, DAVID HOLZER and LESLIE HOLZER, both in their capacities as owners and operators of FINGERHUT/HOLZER PARTNERS LLC, FINGERHUT-HOLZER EQUITIES, FINGERHUT-HOLZER, INC., FINGERHUT-HOLZER FUND L.P., GEO CAPITAL PARTNERS, INC., FINGERHUT- HOLZER THE WAVERLY I, LLC and FINGERHUT- HOLZER THE WAVERLY II, LLC, for the purpose of investing in various profit making activities, in real estate, stock, real estate stock, equities, ventures, bonds and other indicia of ownership for the purpose of the financial improvement of that sum.

40.     That hereinafter that sum of $600,000.00 was taken and used for the individual purpose and benefit of BARRY FINGERHUT, DAVID HOLZER, LESLIE HOLZER, DOUGLAS HOLZER, JENNIFER HOLZER, JOSHUA HOLZER and JOSEPH HOLZER, and that such sum has been stolen, purloined, removed, asportated and placed directly into the benefit of each of the defendants so as to deny the plaintiffs the benefits of their ownership.

41.     That on or about January 31, 2006, the plaintiffs gave and entrusted the sum of $200,000 to BARRY FINGERHUT, DAVID HOLZER and LESLIE HOLZER, both in their capacities as owners and operators of FINGERHUT/HOLZER PARTNERS LLC, FINGERHUT-HOLZER EQUITIES, FINGERHUT-HOLZER, INC., FINGERHUT-HOLZER FUND L.P., GEO CAPITAL PARTNERS, INC., FINGERHUT- HOLZER THE WAVERLY I, LLC and FINGERHUT- HOLZER THE WAVERLY II, LLC, for the purpose of investing in various profit making activities, in real estate, stock, real estate stock, equities, ventures,

bonds and other indicia of ownership for the purpose of the financial improvement of that sum.

42.     That hereinafter that sum of $200,000.00 was taken and used for the individual purpose and benefit of BARRY FINGERHUT, DAVID HOLZER, LESLIE HOLZER, DOUGLAS HOLZER, JENNIFER HOLZER, JOSHUA HOLZER and JOSEPH HOLZER, and that such sum has been stolen, purloined, removed, asportated and placed directly into the benefit of each of the defendants so as to deny the plaintiffs the benefits of their ownership.

43.     That on or about March 23, 2006, the plaintiffs gave and entrusted the sum of $800,000 to BARRY FINGERHUT, DAVID HOLZER and LESLIE HOLZER, both in their capacities as owners and operators of FINGERHUT/HOLZER PARTNERS LLC, FINGERHUT-HOLZER EQUITIES, FINGERHUT-HOLZER, INC., FINGERHUT-HOLZER FUND L.P., GEO CAPITAL PARTNERS, INC., FINGERHUT-HOLZER THE WAVERLY I, LLC and FINGERHUT-HOLZER THE WAVERLY II, LLC, for the purpose of investing in various profit making activities, in real estate, stock, real estate stock, equities, ventures, bonds and other indicia of ownership for the purpose of the financial improvement of that sum.

44.     That hereinafter that sum of $800,000.00 was taken and used for the individual purpose and benefit of BARRY FINGERHUT, DAVID HOLZER, LESLIE HOLZER, DOUGLAS HOLZER, JENNIFER HOLZER, JOSHUA HOLZER and JOSEPH HOLZER, and that such sum has been stolen, purloined, removed, asportated and placed directly into the benefit of each of the defendants so as to deny the plaintiffs the benefits of their ownership.

45.     That upon information and belief, the defendants never invested the plaintiffs' money in any stock, real estate, debentures, credits, bonds, or other indicia of ownership for the benefit of the plaintiffs.

46.     That at all times hereinafter mentioned, defendant, BARRY FINGERHUT lured the plaintiff into various investments and the entrustment of money to himself and to his partner that has been translated into the use for their own purposes.

47.     That at all times hereinafter mentioned, defendant, DAVID HOLZER lured the plaintiff into various investments and used money entrusted to him for his own purposes.

48.     That at all times hereinafter mentioned, defendant, LESLIE HOLZER lured the plaintiff into various investments and used money entrusted to him for his own purposes.

49.     That upon information and belief, each of the defendants LESLIE HOLZER, DOUGLAS HOLZER, JENNIFER HOLZER, JOSHUA HOLZER and JOSEPH HOLZER participated in the benefit of the theft loss and asportation of the assets, goods, channels and trusts of the plaintiffs and has made use of the benefits of that investment for their own use.

## AS AND FOR A FIRST CAUSE OF ACTION FOR
## BREACH OF FIDUCIARY DUTY UNDER 15 U.S.C. §80B-6

50.     Plaintiffs repeat, reallege and reiterate paragraphs "1" through "49" set forth above as if fully set forth herein.

51.     Pursuant to the advisors act, defendants, BARRY FINGERHUT, DAVID HOLZER, LESLIE HOLZER, FINGERHUT/HOLZER PARTNERS LLC, FINGERHUT-HOLZER EQUITIES, FINGERHUT-HOLZER, INC. and FINGERHUT-HOLZER FUND

L.P., GEO CAPITAL PARTNERS, INC., FINGERHUT- HOLZER THE WAVERLY I, LLC and FINGERHUT- HOLZER THE WAVERLY II, LLC owed plaintiffs a duty to act with reasonable care in ensuring that full, honest and appropriate investment of the funds including full of their use to which their funds were being placed. Defendants affirmatively breached this fiduciary duty and additionally, concealed their wrong doing.

52.     The defendants failed to place the investment stated above in appropriate equities, real estate, bond, debentures and financial vehicles.

53.     As a proximate cause of defendants' breach of fiduciary duty, plaintiffs have each been harmed in the amount of their investments of $1,900,000.00 plus interest.

54.     Accordingly, plaintiffs are entitled to restitution of the money they gave to defendants for investment purposes.

**AS AND FOR A SECOND CAUSE OF ACTION FOR**
**FRAUD UNDER 15 U.S.C. §80B-6**

55.     Plaintiffs repeat, reallege and reiterate paragraphs "1" through "54" this complaint by reference as if fully set forth herein.

56.     Pursuant to the Advisers Act, defendants owed plaintiffs a duty to disclose all material facts necessary for plaintiffs to make appropriate and fully informed financial decisions.   Defendants breached this duty, by misrepresenting their rendering of personalized advise and omitting material facts concerning the nature and type of investments.

57.     Plaintiffs were entitled to rely on defendants' representations by virtue of defendants' fiduciary duty to plaintiffs.

58.   As a direct proximate cause of the fraudulent actions committed by defendants, plaintiffs have been harmed in the amounts that they have paid to defendants for investment purposes of $1,900,000.00 plus interest.   Additionally, defendants have continued to conceal their wrongdoing.

## AS AND FOR A THIRD CAUSE OF ACTION FOR
## VIOLATION OF §10b OF THE EXCHANGE ACT RULE 10b-5 THEREUNDER

59.   Plaintiffs repeat, reallege and reiterate paragraphs "1" through "58" of this complaint by reference as if fully set forth herein.

60.   Defendants used promotional press releases, to solicit plaintiffs' interest in investing in various stocks.

61.   The promotional material used in the solicitation campaign contained materially false and misleading information.

62.   Defendants falsely and fraudulently represented to plaintiffs that the various stocks were a sound investment.

63.   In reality, the various stocks had virtually no revenue and any promises to investors that the company's share would increase sharply was grossly misleading.

64.   Defendants, directly or indirectly, singly and in concert with others, in connection with the purchase and sale of these securities, by use of the means and instrumentalities of Interstate Commerce and by use of the mail (a) have employed devices, schemes, and artifices to defraud, (b) have made untrue statements of material facts and have omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, and (c) have engaged in acts, practices and courses of business which operate as a fraud and deceit upon plaintiffs, and other persons who may have been perspective purchasers.

65.     As part of an in furtherance of their scheme to defraud, defendants, directly and indirectly, in connection with purchases and sales of securities, misrepresented material facts and omitted to state material facts necessary in order to make the statements not misleading in light of the circumstances in which they were made, including, but limited to, those set forth above.

66.     Defendants knowingly or recklessly engaged in the conduct described in this complaint.

67.     By reason of the foregoing, defendants have violated the provisions of §10(b) of the Exchange Act (15 U.S.C.§78j(b) and Rule 10b-5 thereunder.

68.     Then as a result, it is respectfully requested that the Court enter a judgment ordering defendants to pay a civil money penalty for violations of the Federal Securities Laws as alleged herein and for $1,900,000.00 plus interest.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR
## FRAUD UNDER NEW YORK STATE LAW

70.     Plaintiffs repeat, reallege and reiterate paragraphs "1" through "68" of this complaint by reference as if fully set forth herein.

71.     That prior to each and every  investment, the defendants falsely and fraudulently represented to the plaintiffs that their investments were to be placed in sound real estate, equity, debentures, credits and bonds.

72.     That the representations made by defendants were, in fact, false. The defendants did not have a sound stock, real estate, equity, debenture, credit or bond investment.

73.   That the defendants knew their misrepresentations false and that these representations were made by the defendants to the plaintiffs with the intent to defraud and deceive plaintiffs and to induce plaintiffs to invest their money.

74.   That the defendants took the monies and denied their use to the plaintiff by means of fraud, deceit and deception.

75.   That at all times these representations were made, the plaintiffs were not in a position to exercise reasonable diligence and could not have known the defendants' intentions.

76.   As the proximate cause of defendants' fraud, deceit and deception and the facts herein alleged, plaintiffs have been damaged in the sum of $1,900,000.00.

77.   That in doing the alleged acts, the defendants acted with fraud.

## AS AND FOR A FIFTH CAUSE OF ACTION FOR
## FOR FRAUD UNDER NEW YORK STATE LAW

78.   Plaintiffs repeat, reallege and reiterate paragraphs "1" through "77" of this complaint by reference as if fully set forth herein.

79.   That prior to March 23, 2006, defendants falsely and fraudulently represented to plaintiffs that various stock purchases were a sound stock investment.

80.   The representations made by defendants were in fact false.  Defendants knew that these stocks were not a sound stock investment and that stocks were in companies with little or no assets.

81.   When defendants made these representations, defendants knew them to be false and these representations were made by defendants with the intent to defraud and deceive plaintiffs and with the intent to induce plaintiffs to invest their money.

82.     Plaintiffs, at the time these representations were made, and at the time plaintiffs invested their monies with defendants, could not in the exercise of reasonable diligence, have known defendants' intention to deceive them.

83.     As a proximate cause of defendants' fraud and deceit and the facts herein alleged, plaintiffs have been damaged in the sum of $1,900,000.00 plus interest.

84.     In doing the acts alleged herein, defendants acted with fraud, malice and plaintiffs are entitled to punitive damages in the sum of an amount to be awarded by a jury.

## AS AND FOR A SIXTH CAUSE OF ACTION FOR
## CONVERSION UNDER NEW YORK STATE

85.     The plaintiffs repeat, reallege and reiterate paragraphs "1" through "84" of this complaint by reference as if fully set forth herein.

86.     That instead of investing the money given to plaintiffs, the defendants took plaintiffs' money and converted it for their own personal use.

87.     That upon information and belief, the defendants have purchased luxury items including homes, jewelry, art, clothes, automobiles, real estate, stocks, equities and bonds from the money received from the plaintiffs, and have used such money for their own benefit.

88.     As a proximate cause of defendants' unlawful conversion, theft, purloinment, asportation, the plaintiffs have suffered damages in the sum of $1,900.000.00 plus interest.

89.     By reason of the foregoing, the plaintiffs seek judgment in the amount of $1,900,000.00 plus interest, costs and disbursements.

## AS AND FOR A SEVENTH CAUSE OF ACTION FOR
## BREACH OF FIDUCIARY DUTY

90.     Plaintiffs repeat, reallege and reiterate paragraphs "1" through "89"  of this complaint by reference as if fully set forth herein.

91.     That by reason of the foregoing, the defendants and more particularly, BARRY FINGERHUT and DAVID HOLZER as partners, agent and principal, master and servant, or employer and employee breached the fiduciary duty to perform their professional services by investing monies and all funds in sound investments with utmost good faith and with the highest standards of care, foreclosure and fidelity.

92.     That the defendants breached their fiduciary duty in failing to act in good faith with the highest standard of care and complete fidelity.

93.     That the plaintiffs were harmed by the defendants' breach and are thus entitled to their full damages, $1,900,000.00 plus interest, attorneys' fees, interests, costs and disbursements.

## AS AND FOR AN EIGHTH CAUSE OF ACTION FOR
## BREACH OF FIDUCIARY DUTY

94.     Plaintiffs repeat, reallege and reiterate paragraphs "1" through "93"  of this complaint by reference as if fully set forth herein.

95.     That BARRY FINGERHUT in the exercise of his duty as a principal, agent, associate or fiduciary of FINGERHUT-HOLZER PARTNERSHIP, FINGERHUT-HOLZER EQUITIES, FINGERHUT-HOLZER, INC. and FINGERHUT-HOLZER FUND L.P, GEO CAPITAL PARTNERS, INC., FINGERHUT- HOLZER THE WAVERLY I, LLC and FINGERHUT- HOLZER THE WAVERLY II, LLC knew that his partner DAVID HOLZER

was involved in fraud, deceit, dishonesty, in the theft, stealing, asportation, and purloinment

of the assets, chattels, goods and monies of JOHN RAPILLO and  HEIDI RAPILLO and

that he took the benefit of the monies, goods and asserts for his own use.

96.    That the plaintiffs were harmed by BARRY FINGERHUT's breach of fiduciary

duty within his firm and to his partner and that the plaintiffs have been damaged in the sum

of $1,900,000.00 plus interest, attorneys' fees, costs and disbursements.

## AS AND FOR A NINTH CAUSE OF ACTION FOR
## BREACH OF FIDUCIARY DUTY

97.    Plaintiffs repeat, reallege and reiterate paragraphs "1" through "96"  of this

complaint by reference as if fully set forth herein.

98.    That the plaintiffs are entitled to treble damages and punitive damages

against each of the defendants for the theft, dishonesty, breach of fiduciary duty,

conversion, fraud and violation of all of the statutes enumerated above.

99.    That such punitive damages shall be computed in the sum of 25 million

dollars and that treble damages be computed in the sum of 5.7 million dollars.

**WHEREFORE**, plaintiffs demand judgment against all of the defendants on all the

causes of action herein in the amount of 1.9 million dollars for compensatory damages,

$5.7 million dollars for treble damages and 25 million dollars for punitive damages, plus

costs, disbursements and attorneys' fees.


Dated:     New York, New York
           November 6, 2009

Yours, etc.,

MARSHALL CONWAY WRIGHT & BRADLEY, PC

By: _____

Robert J. Conway (RJC 2373)
Attorneys for Plaintiffs
**JOHN RAPILLO and HEIDI RAPILLO**
116 John Street
New York, NY 10038
212-619-4444
File No.:  17-7394

February 4, 2010

Robert J. Conway

Marshall, Conway, Wright & Bradley

116 John Street

New York, N.Y. 10038

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2·6·2014

Dear Sir:

This letter is a answer to the matter of John Rapillo and Heidi Rapillo, Plaintiffs in the case pursuant to 09-CIV-10429 submitted in the Sounthern District Court of New York, Honorable Judge George B. Daniels.

The Plaintiff has brought a suit claims breach of 15 U.S.C. Section 78-Securities Fraud, Action for conversion and breach of fiduciary duty.

This action had already been settled in Civil Court of New York State where the Plaintiff recieved settlement of $16,000,000 approximately.  And this Defendant is currently serving the term of 5-15 years for the crimes.

The Honorable Court should be aware that this Defendant is now indigent with no funds adequate to defend in this matter. This matter is one that this defendant needs a attorney skilled in civil financial matters of this nature. Thus, this defendant is asking the Honorable Court to appoint attorney to assist in this defense.

Very truly yours,

David Holzer
#09R3851
Greene C.F.
P.O.Box 975
Greene, N.Y.12051

2014 APR -8 P 12: 53
RECEIVED
____ OFFICE

## AFFIDAVIT OF SERVICE

The Defendant in the matter of John Rapillo and Heidi Rapillo, pursuant to 09-CIV-10429 submitted in the Southern District Court of New York, Honorable Judge George B. Daniels, this Defendant has deposited a original and copies of his answer of papers filed by Plaintiff pursuant to Rule 12 of the Federal Rules of Civil Procedure, to the following persons below:

Robert J. Conway
Marshall, Conway, Wright and Bradley
116 John Street
New York, N.Y. 10038

Hon.George B. Daniels
Judge of Southern District
Court of New York
Daniel Patrick Moynihan U.S.
Courthouse
500 Pearl Street
New York, N.Y. 10007-1312

John Rapillo and Heidi Rapillo
14 Winding Lane
Scarsdale, N.Y. 10583

SWORN TO BEFORE ME THIS _4_ DAY
OF February, 2010

NOTARY PUBLIC

John J. Kilrain
Notary Public State of New York
Qualified in Schenectady County
Reg. No. 01K16060025
Commission Expires: 8/11/2011

David Holzer #09R3851
Greene C.F.
P.O.Box 975
Coxsackie, N.Y.12051



Mailed From 12051
US POSTAGE
$0.00
02 7050 0144

GREENE
CORRECTIONAL
FACILITY

GREENE CORRECTIONAL FACILITY
P.O. BOX 975
COXSACKIE, NEW YORK 12051-0975

NAME: David Holzer          DIN: 09R3851

Hon. George B. Daniels
Judge Southern District
Court of New York
Daniel Patrick Moynihan
U.S. Courthouse
500 Pearl Street
New York, N.Y. 10007-1312

USM5 SDNY

Exhibit B:

(1) October 2017 letter

(2)Defendant Holzer's October 23, 2017 response

(3)Judge's order from 10/27, 2017

c. Judge's order from 4/29/2019

d. The first affirmation filed 5/14/2019

e. Judge's 6/18/2019 order

f. Damages calculations

g. Proposed default judgement

h. Clerk's certificate of default

Heidi & John Rapillo
14 Winding Lane
Scarsdale, NY  10583
(914) 472-8191

2017 OCT 19  PM 3:32

October 18, 2017

The Honorable Vernon S. Broderick
United States District Judge
Thurgood Marshall Courthouse
40 Foley Square, Room 415
New York, New York  10007

Re:   David Holzer, et al
      Case #09-CV-10429 (VSB)

Dear Judge Broderick:

    We would like to proceed with a Judgment against David Holzer in
the amount of $1.9 million.

Respectfully submitted,

Heidi Rapillo

John Rapillo

Rapillo
14 Winding Lane
Scarsdale, NY 10583

Pro Se Unit
U.S. District Court
Southern District
500 Pearl Street, Room 200
New York, NY 10007



09 cv 10429

From: **David Holzer** davidholzer49@gmail.com
Subject: **Response to default judgement**
Date: **Oct 20, 2017 at 8:20:34 AM**
To: BroderickNYSDChambers@nysd.uscourts.gov

Honorable Judge Broderick
My response to the request for a default judgement by the Rapillos
vs. David Holzer should be denied
The reasons will be listed below
1)The Rapillos already have a restitution agreement in place . I am
now in the process of having Safe Horizons tell me how to start to
pay back and how much. This is the equivalent of double jeopardy in
my eyes
2) When the Manhattan DA seized all my assets and distributed to
the injured parties I was never informed how much was distributed to
each party.
3) Safe Horizon is now trying to ascertain how much was seized and
how it was payed out. I have seen no mention of monies received by
the Rapillos in the aforementioned suit.
4) I currently owe $15. Million to IRS
5)I currently owe 550,000 to New York State
6 I currently owe approximately 100,000 to two City Marshall's
mssrs. Henry Daley ,Ronald Moses
7) All totaled with the restitution agreement that is in place I owe
approximately 30 million Dollars .
8) I am going to be 68 years old,, I have absolutely no assets ,my
wife and i live in a 1 bedroom apartment with her 92 year old mother
who unfortunately is in advanced stages of Alzheimer's disease.
9) I am deeply sorry for what happened. I did spend 5 years in prison

Hon. Judge Vernon S. Broderick

 Thank You for letting
me file this WAy

 David Holzer

All supporting documentation
will be presented at

hearing



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ____10/27/2017____
```

JOHN RAPILLO and HEIDI RAPILLO,

                                    Plaintiffs,                    09-CV-10429 (VSB)

- against –                                                       **ORDER**

BARRY FINGERHUT, et al.,

                                    Defendants.

VERNON S. BRODERICK, United States District Judge:

        I am in receipt of the parties' letters, dated July 10, July 29, October 18, and October 20,

2017, (Docs. 104, 107, 110, and 111), regarding Plaintiffs' anticipated motion for default

judgment against Defendant Holzer and Plaintiffs' motion pursuant to Federal Rule of Civil

Procedure 60(b).  I held a status conference on October 26, 2017 to discuss the status of this

case.  Plaintiffs indicated that they are in the process of obtaining materials from the District

Attorney's office pursuant to the Freedom of Information Law, that they intend to submit some

or all of those materials as part of their Rule 60(b) motion, and that they intend to file a motion

for summary judgment against Defendant Holzer.  Accordingly, it is hereby

        ORDERED that Plaintiffs shall file their motion pursuant to Federal Rule of Civil

Procedure 60(b), along with their supporting papers and any new evidence, on or before

November 17, 2017.

        IT IS FURTHER ORDERED that, because Mr. Holzer, proceeding *pro se*, was in

attendance at the October 26 conference, and for the reasons stated on the record, Plaintiffs'

motion for default judgment, (Doc. 90), is DENIED.

IT IS FURTHER ORDERED that Plaintiffs shall file their motion for summary judgment on or before November 17, 2017.  Defendant shall file his response to Plaintiffs' motion on or before December 15, 2017, and Plaintiffs shall file a reply, if any, on or before January 5, 2018.

The Clerk's Office is respectfully directed to mail a copy of this order to the pro se Plaintiffs and Defendant, and to terminate Document 90.

SO ORDERED.

Dated:     October 27, 2017
           New York, New York

Vernon S. Broderick
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| USDC SDNY | |
| DOCUMENT | |
| ELECTRONICALLY FILED | |
| DOC #: _____ | |
| DATE FILED: _4/29/2019_ | |

JOHN RAPILLO and HEIDI RAPILLO,

                              Plaintiffs,

        - against –

BARRY FINGERHUT, et al.,

                              Defendants.

09-CV-10429 (VSB)

**ORDER**

<u>VERNON S. BRODERICK, United States District Judge</u>:

On April 26, 2019, I held a status conference in this case. Accordingly, and for the reasons stated on the record at the conference, it is hereby

ORDERED that Plaintiffs shall initiate the process of moving for default judgment against Defendant David Holzer within forty-five (45) days of the date of this Order.

IT IS FURTHER ORDERED that Plaintiffs shall file their motion pursuant to Federal Rule of Civil Procedure 60(b) and/or for reconsideration on or before June 26, 2019.

The Clerk of Court is directed to mail a copy of this Order to the pro se Plaintiffs.

SO ORDERED.

Dated:    April 29, 2019
          New York, New York

Vernon S. Broderick
United States District Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X

Heidi Rapillo                                    ,

                 Plaintiff(s)

          -against-

David Holzer                                    ,

                 Defendant(s).

------------------------------------------------------------X

**AFFIRMATION IN SUPPORT OF CLERK'S CERTIFICATE OF DEFAULT**

1:09 CV 10429   (VSB)

Heidi Rapillo                          hereby declares as follows:

1.  I am the plaintiff in this action.

2.  This action was commenced pursuant to Securities 15:78MA. Exchange act.

3.  The time for defendant(s), David Holzer          , to answer or otherwise move with respect to the complaint herein has expired.

4.  Defendant(s), David Holzer          , has not answered or otherwise moved with respect to the complaint, and the time for defendant(s) David Holzer          to answer or otherwise move has not been extended.

5.  That defendant(s) David Holzer          is not an infant or incompetent. Defendant(s) David Holzer          is not presently in the military service of the United States as appears from facts in this litigation.

USDC SDNY
ELECTRONICALLY FILED
DOC#:
DATE FILED: 5-14-19

RECEIVED
SDNY PRO SE OFFICE
2019 MAY 14  AM 11:32
S.D. OF N.Y.

WHEREFORE, plaintiff _Heidi Rapillo_____ requests that the default of

defendant(s) _David Holzer_____ be noted and a certificate of default issued.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my

knowledge, information and belief, that the amount claimed is justly due to plaintiff, and that no

part thereof has been paid.


Dated:  3-10-19                    By: _Heidi Rapillo_____
                                   (Signature
                                   (Print Name of Plaintiff Pro Se)
                                   (Address)
                                   (Telephone Number)
                                   (E-mail address)

                                   Heidi Rapillo
                                   14 Winding Lane
                                   Scarsdale, NY 10583
                                   914-472-8191  914-874-6895
                                   hrapillo@optonline.net

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

Plaintiff(s),

\_\_\_\_\_ Civ. _____(      )

- against -

**CLERK'S CERTIFICATE**
**OF DEFAULT**

Defendant(s),
-------------------------------------------------------------X

I, RUBY J. KRAJICK, Clerk of the United States District Court for

the Southern District of New York, do hereby certify that this action was commenced on

_____ with the filing of a summons and complaint, a copy of the summons and

complaint was served on defendant(s) _____

by personally serving _____,

*and proof of service was therefore filed on* _____, *Doc. #(s)* _____.

I further certify that the docket entries indicate that the defendant(s) has not filed an

answer or otherwise moved with respect to the complaint herein. The default of the

defendant(s) is/are hereby noted.

Dated: New York, New York

_____, 20\_\_\_

**RUBY J. KRAJICK**
**Clerk of Court**

By: _____
**Deputy Clerk**

SDNY Web 8/1/2018

RECEIVED
SDNY PRO SE OFFICE
2019 MAY 14  AM II: 01
S.D. OF N.Y.

Pro Se Unit
U.S. District Court, Southern District
500 Pearl Street, Room 200
New York, NY  10007



Rapillo
14 Winding Lane
Scarsdale, NY  10583

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 
DATE FILED:   6/18/2019
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
                                                        :
JOHN RAPILLO and HEIDI RAPILLO,                         :
                                                        :
                              Plaintiffs,               :
                                                        :        09-CV-10429 (VSB)
              -against-                                  :
                                                        :             **ORDER**
BARRY FINGERHUT, et al.,                                :
                                                        :
                              Defendants.               :
                                                        :
------------------------------------------------------- X

<u>VERNON S. BRODERICK</u>, United States District Judge:

On April 29, 2019, following a status conference on April 26, 2019, I issued an order

directing the Plaintiff to initiate the process of moving for default judgment against Defendant

David Holzer within forty-five (45) days of that date. (Doc. 134). On May 14, 2019, Plaintiff

Heidi Rapillo submitted an Affirmation in Support of Clerk's Certificate of Default. (Doc. 135).

This Affirmation alone appears insufficient to generate a request for a Clerk's Certificate of

Default and to initiate the process of seeking default judgment against Defendant Holzer.

Accordingly, it is hereby:

ORDERED that Plaintiffs are granted an additional thirty (30) days from the date of this

Order to move for default judgment against Defendant David Holzer.

I recommend that Plaintiffs work with the pro se clinic, to the extent they have not

already done so.

The Clerk of Court is respectfully directed to mail a copy of this Order to the pro se

Plaintiffs.

SO ORDERED.

Dated: June 18, 2019
       New York, New York

Vernon S. Broderick
United States District Judge

Rapillo et al v. Fingerhut et al
09-cv-10429-VSB

# Damages Calculations

**Money lost in investment with David Holzer between 2005 and 2006:**

| | |
|---|---|
| Wire transfer 12/15/2005 | $600,000.00 |
| Wire transfer 1/31/2006 | $200,000.00 |
| Wire transfer 3/23/2006 | $800,000.00 |
| Total money lost | $1,600,000.00 |
| Add interest from December 15, 2005 to | |
| | |
| Total lost money claimed with interest | _____ |

**Money obtained in restitution:**

| | |
|---|---|
| From District Attorney's Office in 2010: | $69,500.00 |
| From Safe Horizons in 2018: | $331.21 |
| Total money obtained in restitution | $69,831.21 |

**Filing and Other Fees:**

| | |
|---|---|
| SDNY filing fee on 12/23/2009 | $250.00 |
| Process Server fee 12/2009 approximately | $250.00 |
| Total fees paid | $500.00 |
| Add interest from December, 2009 to | |
| | |
| Total fees and other costs claimed with interest | _____ |

**Total lost money and fees, with interest:** _____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

JOHN RAPILLO and HEIDI RAPILLO,                   **DEFAULT JUDGMENT**

                     Plaintiffs,

        —against—

                              09-CV-10429(VSB)

BARRY FINGERHUT et al,

                     Defendants.

------------------------------------------------------------x

     This action having been commenced on December 23, 2009 by the filing of the Summons and Complaint, and the Defendant not having appeared at the court-ordered status conference on April 26, 2019, it is

     ORDERED, ADJUDGED AND DECREED: That the Plaintiff have judgment against Defendant in the liquidated amount of $1,600,000 with interest at an amount determined by 28 U.S.C. 1961 from December 15, 2005 to date of entry of judgment in the amount of _____ , minus money obtained in restitution from Safe Horizons and the District Attorney's office in the amount of $69,831.21, plus costs and disbursements of this action in the amount of $500, for a total of_____.

Dated: New York, New York
_____

                                _____
                                      U.S. D.J.

                              This document was entered on the docket on
                              _____.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RECEIVED
SDNY PRO SE OFFICE
2019 JUL 16 AM 11: 31

----------------------------------------------------------X

John & Heidi Rapillo          Plaintiff(s),

- against -                                    09   Civ. 10429   ( VSB )

                                              **CLERK'S CERTIFICATE**
                                              **OF DEFAULT**

David Holzer            Defendant(s),

----------------------------------------------------------X

      I, RUBY J. KRAJICK, Clerk of the United States District Court for the Southern District of New York, do hereby certify that this action was commenced on Dec 23rd 2009 with the filing of a summons and complaint, a copy of the summons and complaint was served on defendant(s) David Holzer by personally serving _____, and proof of service was therefore filed on not in docket , Doc. #(s) see attached

I further certify that the docket entries indicate that the defendant(s) has not filed an answer or otherwise moved with respect to the complaint herein. The default of the defendant(s) is/are hereby noted.

Dated: New York, New York

_____, 20___

                              RUBY J. KRAJICK
                              Clerk of Court

                 By: _____
                           Deputy Clerk

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-16-19

SDNY Web 8/1/2013

July 15, 2019

RECEIVED
SDNY PRO SE OFFICE

2019 JUL 16  AM 11: 31

John & Heidi Rapillo

14 Winding Lane

Scardale, NY 10583          09-CV-10429 (VSB)


Pro-Se

40 Foley Square

Room 105

New York, NY 10007


Please see attached Proposed Certificate and Affirmation.

I was unable to obtain the proof of service because it is in the possession of our former attorney.


Thank you,

*Heidi Rapillo*

Heidi Rapillo

Rapillo
14 Winding Lane
Scarsdale, NY  10583

Pro Se
U.S. District Court, Southern District
40 Foley Square, Room 105
New York, NY  10007

2019 JUL 16  AM 11:31

RECEIVED
SDNY PRO SE OFFICE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

JOHN RAPILLO and HEIDI RAPILLO,                                   **ORDER TO SHOW**
                                                                 **CAUSE AND MOTION**
                                        Plaintiffs,              **FOR DEFAULT**

              —against—

BARRY FINGERHUT et al                                            09-CV-10429(VSB)

                        Defendant

-------------------------------------------------------------x

Please take notice that, upon the annexed declaration of Heidi Rapillo, and attached

exhibits, and all prior papers and proceedings in this case, the Plaintiff will move the Court, on

_____ day of _____, 2019, at _____ o'clock, pursuant to Fed. R. Civ. P. 55(b) (2) and

Local Rule 55.2(b), for judgment by default against Defendant David Holzer.

Dated: New York, New York

_____

                                        _____
                                                        U.S. D.J.

Papillo
14 Winding Lane
Scarsdale, NY  10583

U.S. District Court
Southern District of NY
40 Foley Square
Room 105
New York, NY  10007