UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN RAPILLO and HEIDI RAPILLO,

     Plaintiffs,

     -against-

BARRY    FINGERHUT,    DAVID    HOLZER,
FINGERHUT-HOLZER    PARTNERS    LLC,
FINGERHUT-HOLZER    EQUITIES,    INC.,
FINGERHUT-HOLZER,    INC.,    FINGERHUT-
HOLZER FUND L.P., GEO-CAPITAL PARTNERS,
INC., FINGERHUT-HOLZER THE WAVERLY I,
LLC., FINGERHUT-HOLZER THE WAVERLY II,
LLC., LESLIE HOLZER, DOUGLAS HOLZER,
JENNIFER HOLZER, JOSHUA HOLZER and
JOSEPH HOLZER,
     Defendants.

Index   No.   09-CIV-10429
(VSB)

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S RULE 60(B) MOTION.

## FOLKENFLIK & McGERITY LLP
1500 Broadway, Suite 812
New York, N.Y. 10036
212-757-0400
212-757-2010 Facsimile

*Attorneys for Defendants*

# <u>TABLE OF CONTENTS</u>

**Page(s)**

THERE IS NO BASIS IN FACT OR LAW FOR REVISITING THIS COURT'S PRIOR DISMISSAL OF PLAINTIFFS' CASE AGAINST FINGERHUT AND THE ENTITY DEFENDANTS..................................2

    A.  The Undisputed Facts Show No Liability for Fingerhut or the Entity Defendants ....................................................................2

    B.  There is no legal basis for the Relief Requested, or any other Relief.........................................................................9

Conclusion ...........................................................................14

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Commodity Futures Trading Commn. v Walsh*,
  17 NY3d 162 [2011] ..................................................................... 13

*D.C.A. Grantor Trust v Republic of Argentina*,
  616 F App'x 30 (2d Cir 2015) ...................................................... 13

*Gordon v. Monoson*,
  239 F. App'x 710 (3d Cir. 2007) ................................................. 11

*Grace v. Rosenstock*,
  228 F.3d 40 (2d Cir. 2000) .......................................................... 11

*HBE Leasing Corp. v. Frank*,
  48 F.3d 623 (2d Cir. 1995) .......................................................... 14

*Klapprott v. United States*,
  335 U.S. 601 (1949) ...................................................................... 11

*Rapillo v. Fingerhut, Case No.16-3393*
  Order 2/27/17 ................................................................................ 10

*Transaero, Inc. v La Fuerza Aerea Boliviana*,
  99 F3d 538 (2d Cir 1996) ............................................................ 10

**Other Authorities**

11 Charles Alan Wright et al., Federal Practice & Procedure
  §2864 (2d ed. 1995) ...................................................................... 11

Local Rules of the Southern District of New York, Rule 6.3 ................. 11


Federal Rules of Civil Procedure Rule 60 ........................................ 3, 10

Federal Rules of Civil Procedure Rule Rule 60(b) ........................... 1, 11

Federal Rules of Civil Procedure Rule Rule 60(b)(2)............................... 10

Federal Rules of Civil Procedure Rule Rule 60(b)(3)............................. 10

Federal Rules of Civil Procedure Rule Rule 60(b)(6)....................... 10, 11

Federal Rules of Civil Procedure Rule Rule 60(c)(1) ............................ 11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN RAPILLO and HEIDI RAPILLO,

       Plaintiffs,

     -against-

BARRY FINGERHUT, DAVID HOLZER, FINGERHUT-HOLZER PARTNERS LLC, FINGERHUT-HOLZER EQUITIES, INC., FINGERHUT-HOLZER, INC., FINGERHUT-HOLZER FUND L.P., GEO-CAPITAL PARTNERS, INC., FINGERHUT-HOLZER THE WAVERLY I, LLC., FINGERHUT-HOLZER THE WAVERLY II, LLC., LESLIE HOLZER, DOUGLAS HOLZER, JENNIFER HOLZER, JOSHUA HOLZER and JOSEPH HOLZER,
       Defendants.

Index No. 09-CIV-10429 (VSB)

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S RULE 60(B) MOTION.**

Defendants Barry Fingerhut and Defendants Fingerhut-Holzer Partners LLC (hereinafter "Partners LLC"), Fingerhut-Holzer Equities, Inc., Fingerhut-Holzer, Inc., Fingerhut-Holzer Fund, L.P., Geo-Capital Partners, Inc., Fingerhut-Holzer The Waverly I, LLC, Fingerhut-Holzer The Waverly II, LLC, (collectively the "Entity Defendants"), by their attorneys, Folkenflik & McGerity LLP, hereby submit this Memorandum of Law in Support in Opposition to Plaintiffs' Motion under Rule 60(b).

1

## THERE IS NO BASIS IN FACT OR LAW FOR REVISITING THIS COURT'S PRIOR DISMISSAL OF PLAINTIFFS' CASE AGAINST FINGERHUT AND THE ENTITY DEFENDANTS

### A. <u>The Undisputed Facts Show No Liability for Fingerhut or the Entity Defendants</u>

This is an action by Plaintiffs John Rapillo and Heidi Rapillo (the "Rapillos") who were defrauded by defendant David Holzer ("Holzer") out of $1.6 million windfall they had received in a personal injury action. Represented by experienced counsel, the Rapillos sought to hold Defendant Barry Fingerhut("Fingerhut") and the Entity Defendants liable for their loss, even though they had no factual basis for those claims. Fingerhut had also been defrauded by Holzer, in his case, out of over $11 million.

The Rapillos knew that Fingerhut did not accept, and would refuse to accept, any money from the Rapillos. In a misguided attempt to evade Fingerhut's limitation on acceptable investors, the Rapillos gave their money to Holzer who claimed *he would split his earnings* with them, if they gave Holzer their money (wired to his personal bank account). Holzer stole that money and had no earnings to split in any event.

2

Nearly three years ago, in a 39 page Opinion, this Court granted Summary Judgment dismissing Plaintiff's case against Fingerhut and the Entity Defendants.[1]  The case against Holzer remained.  Plaintiffs' counsel's pre-mature attempt to appeal that dismissal was dismissed by the Second Circuit.  On January 6, 2017, Plaintiffs' counsel moved to withdraw due to a conflict as to whether to accept the ruling from this Court.  See, Dkt. No. 91-1 at ¶1.  Since then, Plaintiffs have proceeded pro se.  After years of claiming that they wanted to file a Rule 60 Motion (and requested extensions of time to do so), Plaintiffs simply ignored the Court's September 1, 2018 deadline, *see,* Order 4/27/18 Dkt. No. 123, and filed this Rule 60 Motion seeking reversal of the Court's carefully reasoned Opinion, essentially on grounds already rejected by this Court in connection with an earlier application.  *See,* Memorandum Endorsement, 12/19/18 Dkt. No. 130.

Leaving aside the fatal procedural flaws, Plaintiffs simply have no case on the merits against these Defendants.  As to the investment in Fingerhut Holzer The Waverly I LLC ("Waverly I"), as this Court found, "it is undisputed that Waverly I was a legitimate investment…."  Opn. at

---

[1]  The Court's Opinion is annexed to the Declaration of Max Folkenflik dated July 26, 2019 and is cited "Opn. at _____" with appropriate page references.

23.  Once again, as before, "Plaintiffs fail to even address the fact that Waverly I was a legitimate investment which failed for a variety of reasons." *See* Pls.' 56.1 Stmt. ¶ 17.  Instead, Plaintiffs respond with improper narrative and legal argument unrelated to Waverly I.  *See,* Opn. at 7, n. 13.

As to all of the transfers of funds to Holzer, Plaintiffs want to shift responsibility to Fingerhut and the Entity Defendants for Plaintiffs' foolish (and truth be told greedy) decisions to give money to Holzer.  But, Plaintiffs' sworn testimony makes clear that Plaintiffs' transfers to Holzer *were intended to be concealed from Fingerhut*.  Opn. at 26.  "[T]he Rapillos both understood that Defendants did not accept investments from individual investors such as themselves."  Opn,at 6 citing HR Tr. 9:17-10:15.  The Rapillos knew that Fingerhut and Fingerhut-Holzer Partners  "only [got] involved with" investments from "large companies, [or] large corporations…."  Opn. at 6, citing JR Tr. 19:4-5.

Plaintiffs' "position," that Fingerhut "knew" that Holzer was not investing his own money, Plaintiffs Mem. At 2, is unsupported by any facts.  There is not a shred of evidence that Fingerhut or any of the Entity Defendants had any awareness of Plaintiffs' transfers to Holzer until

4

Fingerhut was informed of those frauds by the District Attorney's office. Opn. at 12-13. As this Court found, "[n]ot only do Plaintiffs fail to cite any evidence to support their conclusory assertion that Fingerhut knew of their 'pooling' arrangement with Holzer, there is ample evidence in the record, including the Rapillos' deposition testimony, that belies their assertion" that Fingerhut ever "knew" of Plaintiffs transfers of money to Holzer. Opn. at 13. Plaintiffs have not cited and cannot cite any evidence that Fingerhut ever had such knowledge. *See.* Opn. at 12-13 and n. 17.

"[T]he Rapillos did not communicate or correspond with Fingerhut until some point in 2007, approximately one year after the Rapillos' last wire transfer to Holzer's personal bank account in March 2006." Opn at 11, *citing* Pls.' 56.1 Stmt. ¶ 10; JR Tr. 7:14-9:13. Mr. Rapillo testified that he never spoke to Fingerhut "about anything" until after Holzer was arrested. Opn at 11, citing, JR Tr. 106:8-11. The communications Ms. Rapillo had with Jackie Cohen, an administrative assistant who worked for Partners LLC, also related solely to Waverly I and were ministerial in nature. Opn.at 11, citing HR Tr. 26:6-16. Other than those ministerial communications concerning the Waverly I investment, which was legitimate, Opn. at 7, , there "is no evidence in the record …

demonstrating that Fingerhut or any Movant communicated or interacted with the Rapillos. Opn. at 11-12, citing Pls.' 56.1 Stmt. ¶¶ 14, 28.

It is yet again true on this Motion, as this Court found in connection with the prior Motion to dismiss, that "Plaintiffs repeatedly mischaracterize and/or attempt to obfuscate the undisputed facts relating to (i) the timing of their communications with Movants, and (ii) the subject of those communications in an attempt to make it appear as though Fingerhut interacted with the Rapillos earlier and about more subjects than he did. (See, e.g., Pls.' 56.1 Stmt. ¶¶ 14, 16.)."

For example, on this Motion, Mr. Rapillo filed a Declaration citing Fingerhut's alleged post-theft communications with Holzer seeking repayment of the multi-million dollar amounts Holzer stole from Fingerhut. Those communications would have been appropriate no matter when they occurred, but since they occurred in the spring of 2007, *See* John Rapillo Declaration, Dkt. 139, p. 1, more than ***a year after Holzer had received all of the transfers from Plaintiffs***, there is no possible relevance to Holzer's crimes. Plaintiffs' reliance on post-theft communications as "evidence" of improper pressure that caused Holzer

6

to steal Plaintiffs' money reveals Plaintiffs' bad faith on this Motion, rather than any liability by Fingerhut.

Plaintiffs' Memorandum of Law is replete with unsupported conclusory assertions and outright fabrications of claims contrary to their own sworn testimony and contrary to undeniable and undenied facts. Fingerhut and Holzer were not "partners" in Partners LLC, as Plaintiffs falsely claim. Plaintiffs' Mem. at 1. Fingerhut Holzer Partners LLC was not a partnership. It was a limited liability corporation. *See* Opn. at 4-5, n. 10. Plaintiffs did not invest in Partners LLC as they falsely assert in their Memorandum of Law on this Motion. Plaintiffs' Mem. at 1. Plaintiffs $1,600,000 was "wired to Holzer's personal bank account" with the understanding that he would "pool" their money with him and share his earnings with them. Opn. at 6 and 12, citing HR Tr. 51:4.

There were some ordinary course payments from Holzer to Partners LLC, but the evidence Plaintiffs' cite to prove that was money Holzer received from Plaintiffs does not show any such thing. Compare Plaintiffs' Mem. at 4 (claiming the Rowe Affirmation confirms that of the $800,000 given to Holzer by Plaintiffs, $200,000 received from Plaintiffs was "transferred to Fingerhut's personal account and $140,000 was

7

transferred to Partners LLC) with Shannon Rowe's Affirmation at ¶ 10, 15, 17,-18, (showing a series of ordinary course payments from Holzer to Partners LLC on various dates and a $200,000 payment to Fingerhut prior to the $800,000 transfer on an antecedent debt of over $1 million). Just whose money was used to fund these transfers is unclear.

Holzer admitted that he used the Rapillos' money for his own purposes and did not invest any of the $1,600,000.00 on behalf of the Rapillos. Specifically, Holzer said that he "represented to [the Rapillos that he] would invest their money in a movie theater and penthouse project. In fact, [he] did not invest any money on their behalf." Holzer "treated $1.6 million of the Rapillos' money as his own money…and he did not transfer any of the Rapillos' money to Fingerhut." Opn. at 9-10, *citing* Holzer Allocution, Folkenflik Decl. Ex. B; 11:16-24; DH Tr. 113:7 to 114: 25,115:7-11.

Plaintiffs cite to the fact that Holzer used $500,000 of their money to invest in V-Campus and that later Holzer assigned his interest in all of Partners LLC investment to Fingerhut, which would have included Holzer's V-Campus shares. Plaintiffs' Mem. at 3-4. That assignment was certainly appropriate. The record is clear that Holzer defrauded

8

Fingerhut out of over $12 million.  Rowe Aff. ¶ 7., Plaintiffs' Exhibit 1.
In all events, V-Campus became insolvent and the equity, including
Holzer's assigned shares, all became worthless.   Plaintiffs' Exhibit 3,
Fingerhut Tr. 151:18-154:24, Doc 139:111-112.

Even if Holzer had used the Rappillo's money to pay his obligations
to Partners LLC or Fingerhut, which the record refutes, under New York
law that would not give Plaintiffs a right to recover those funds.
Moreover, it is unjust, and indeed absurd, for Plaintiffs' to claim that they
should receive return of their losses from another victim of Holzer's
frauds, particularly a victim who Plaintiffs knew never wanted to have
anything to do with Plaintiffs' money.

Plaintiffs' sole remedy is against Holzer.  The restitution judgment
properly allocates any recovery from Holzer pro rata to all of Holzer's
fraud victims.  That judgment provides Plaintiffs with the only justice
they deserve.


**B. <u>There Is No Legal Basis for The Relief Requested or Any Other
Relief</u>**

While we appreciate the Court's desire to give the Pro Se Plaintiffs every opportunity to make their case for reversal of the prior Order, the Plaintiffs' papers make clear that they have no basis for relief.  Relief under Rule 60 is completely inappropriate because none of the grounds for Rule 60 relief are present here.  Rule 60 of the Federal Rules of Civil Procedure provides for relief from a judgment on a variety of grounds including "newly discovered evidence" (Rule 60(b)(2)), "fraud…misrepresentation or misconduct of an opposing party," (Rule 60(b)(3)), or "any other reason that justifies relief."  (Rule 60(b)(6)). Moreover, the prior order is not "final," *see,* Folkenflik Decl. Ex. C, *Rapillo v. Fingerhut, Case No.16-3393* Order 2/27/17 (dismissing appeal due to absence of a final order).  That dismissal, by itself proves Rule 60 relief is unavailable.  *Transaero, Inc. v La Fuerza Aerea Boliviana*, 99 F3d 538, 541 (2d Cir 1996); *see, also*, *Grace v. Rosenstock*, 228 F.3d 40, 51 (2d Cir. 2000) (prior to final judgment, all orders are interlocutory).

Further, the Motion is untimely.  Rule 60(c)(1), headed "Timing," provides that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

Fed. R. Civ. Proc. Rules, 60(b) and 60(c).  Even under Rule 60(b)(6), the motion must be made within a "reasonable time."  A motion under Rule 60(b)(6) filed more than a year after final judgment is generally untimely unless "'extraordinary circumstances' excuse the party's failure to proceed sooner." *Gordon v. Monoson*, 239 F. App'x 710, 713 (3d Cir. 2007), *citing, Ackermann v. United States*, 340 U.S. 193, 202, (1950); *Klapprott v. United States*, 335 U.S. 601, 613-14, (1949); 11 Charles Alan Wright et al., Federal Practice & Procedure §2864, at 357 (2d ed. 1995).

It cannot be considered in effect a Motion for Reargument or Renewal because prior counsel allowed that 14-day deadline to pass nearly three years ago, and there is no fact nor any issue of law that the Court overlooked.  Local Rules of the Southern District of New York, Rule 6.3.

In support of their Motion to Dismiss, Fingerhut and the Entity Defendants submitted the Deposition testimony of both Plaintiffs and Holzer, Holzer's criminal allocution, documentary evidence of Plaintiffs' investments in opposition to the Motion to Dismiss, and Plaintiffs' prior counsel submitted extensive papers in opposition to the Motion (complete with 22 Exhibits).  *See,* Dkt. No. 80.  All of the legal, equitable, and

factual claims and all of the conclusory, false, and unsupported claims Plaintiffs now raise were raised by prior counsel in the papers in opposition.   *See,* Folkenflik Ex. D, Plaintiffs' Mem. in Opposition to Motion to Dismiss.

The papers submitted no new material evidence.  The one exhibit Plaintiffs' claim should have been submitted that was not, was the largely hearsay Affidavit of Shannon Rowe, an investigator at the District Attorney's office based in substantial part on the work of a different investigator, Nick Cangro.  The Rowe Affirmation merely shows the dates of various transfers from Plaintiffs and other Holzer victims, including Fingerhut, to Holzer.  It also shows dates of some transfers from Holzer to Partners LLC and the "assignment" of the V-Campus shares.  Plaintiffs argue that Fingerhut and Partners are required to pay Plaintiffs for those transfers and for that "assignment."  That very same argument was made in substantially the same terms in the Memorandum of Law submitted on the Motion to Dismiss.  *See, id.* at 23.

Even if, contrary to fact, Holzer had used the money he fraudulently received from Plaintiffs to make payments to Fingerhut of Partners LLC, the law in New York "rule favor[s] innocent transferees of stolen funds

over defrauded owners [because of] New York's 'concern for finality in business transactions.'" *Commodity Futures Trading Commn. v Walsh*, 17 NY3d 162, 172-173 [2011]) *quoting Banque Worms v BankAmerica Intl.*, 77 N.Y.2d 362, 372 (1991). Accordingly, "money obtained by fraud or felony cannot be followed by the true owner into the….hands of one who has received it bona fide and for a valuable consideration in due course of business." *Id., quoting Stephens v Board of Educ. of Brooklyn,* 79 N.Y. 183, 186 (1879).

Similarly, "under New York law, preferring one creditor over another is neither actually nor constructively fraudulent. *D.C.A. Grantor Trust v Republic of Argentina*, 616 F App'x 30, 33 (2d Cir 2015), *citing, In re Sharp Int'l Corp.*, 403 F.3d 43, 56 (2d Cir. 2005); *HBE Leasing Corp. v. Frank*, 48 F.3d 623, 634 (2d Cir. 1995). While Plaintiffs' repeatedly claim fraud, there was no wrongdoing at all, let alone fraud, by Fingerhut or the Entity Defendants.For these reasons, as well as for the reasons cited in this Court's prior opinion, Plaintiffs have no case against Fingerhut or the Entity Defendants.

## CONCLUSION

For all of the above reasons, Plaintiffs Motion should be denied, and costs should be awarded against the Plaintiffs.

Dated:  New York, New York
        July 26, 2019

Respectfully submitted,

By:    /s/ Max Folkenflik

Max Folkenflik
1500 Broadway, Suite 812
New York, New York 10036
(212) 757-0400