# EXHIBIT A

1

1

2   SUPREME COURT STATE OF NEW YORK

3   COUNTY OF NEW YORK : CRIMINAL TERM : PART  52
    ----------------------------------------x
4   PEOPLE OF THE STATE OF NEW YORK,    Ind. No. 2280/08

5

6           - against -

7   DAVID HOLZER

8                           Defendant.
    ----------------------------------------x
9
                        111 Centre Street
10                      New York, New York
                        April 30, 2009
11

12

13  HONORABLE THOMAS FARBER, Judge

14

15  A P P E A R A N C E S :

16

17              NEW YORK COUNTY DISTRICT ATTORNEY
                District Attorney, New York County
18              BY: HOPE KORENSTEIN, ESQ.

19

20              ACID FORFEITURE UNIT
                BY: MADELINE GUILMAIN, ESQ.
21

22                  RON RUBENSTEIN, ESQ.
                    Attorney for defendant
23

24
                CLAUDINE  Y. DAVIDSON
25              Senior Court Reporter

                CLAUDINE Y. DAVIDSON
                SENIOR COURT REPORTER        000039

PROCEEDINGS

1      THE CLERK:  Calling calendar number

2  11, David Holzer.

3      MS. KORENSTEIN:  Hope Korenstein for

4  the People.

5      MS. GUILMAIN:  Madeline Guilmain,

6  G-U-I-L-M-A-I-N, from the Asset Forfeiture Unit.

7      MR. RUBENSTEIN:  For the defendant,

8  Ron Rubenstein.

9      THE COURT:  Okay.  So my understanding

10  is there is going to be a disposition.

11      MS. GUILMAIN:  Yes, your Honor.

12      THE COURT:  Okay.

13      There is a written plea agreement

14  which has been extensively negotiated by both

15  sides; is that right?

16      MR. RUBENSTEIN:  That's correct, your

17  Honor.

18      THE COURT:  Have you reviewed this now

19  with your client and are we prepared to move

20  forward?

21      MR. RUBENSTEIN:  Yes, I have.  I not

22  only reviewed it today, I visited the defendant

23  this week and went over the draft where there

24  are very few changes between that and what's

25  contained here and we are ready to enter a plea

CLAUDINE Y. DAVIDSON
SENIOR COURT REPORTER

000040

PROCEEDINGS

3

1    at this time your Honor.

2              THE COURT:  So, why don't we have the

3    plea agreement executed and give me a copy so I

4    know what we are working from.

5              MS. KORENSTEIN:  Absolutely, your

6    Honor.

7              THE COURT:  Are there any changes from

8    what you showed me earlier today?

9              MS. KORENSTEIN:  No, your Honor.

10             MR. RUBENSTEIN:  Mr. Holzer will sign

11   in open court your Honor the plea agreement.

12             MS. KORENSTEIN:  Actually, there are

13   three originals if that's okay.  I have one.

14   The Court has one and you have one.

15             MR. RUBENSTEIN:  Also, does your Honor

16   have the stipulation in anticipation--

17             VOICE:  Your Honor, may I approach on

18   this case?

19             MS. KORENSTEIN:  He is not a party.

20             VOICE:  I represent the victim.

21             THE COURT:  No, sir.

22             COURT OFFICER:  Have a seat, please.

23             MS. GUILMAIN:  Judge, I think what

24   Mr. Rubenstein was starting to say is we are

25   also executing a forfeiture agreement that the

CLAUDINE Y. DAVIDSON
SENIOR COURT REPORTER

000041

1    defendant is going to sign today.

2           MR. RUBENSTEIN:  Yes.  We are going to

3    execute two documents.  One is a stipulation in

4    anticipation of a discontinuance.  It's already

5    been signed by Ms. Leslie Shoaler who is

6    physically present in court and I am giving the

7    document to Mr. Holzer to sign.

8           We are also executing a document

9    called Stipulation of Discontinuance and Order.

10   This document is being executed prematurely your

11   Honor in view of the fact that until all the

12   property is disposed of and the money is

13   distributed by the People, it can't be filed

14   with the Court but it would require signatures

15   at that time.

16          So in anticipation of that, we are

17   executing it at this time in open court.

18          MS. GUILAIN:  We will hold on to those

19   papers until the proposed time.

20          THE COURT:  After you finish executing

21   the papers, approach before we do the plea,

22   please.

23          MR. RUBENSTEIN:  Also executing your

24   Honor and signing of note is an assignment from

25   Mr. David Holzer to Michael Zackman in relation

                    CLAUDINE Y. DAVIDSON
                    SENIOR COURT REPORTER

4

000043

PROCEEDINGS

5

1  to moneys that were executed from Edgufund.

2       MS. GUILAIN:  It's part of the Asset

3  Forfeiture agreement.  There is funds being held

4  by a company that belonged to one of the

5  victims.  We are simply transferring that back

6  with the document, transferring back to the

7  victim that it actually came from.

8       MS. KORENSTEIN:  For the record, there

9  is also a restitution order in this case that

10 the parties agree will be signed at the time of

11 sentence.

12      THE COURT:  All right.  Can you all

13 approach, please.

14      (Whereupon, discussion held at the

15 bench, and then the proceedings continued as

16 follows:)

17      THE COURT:  Let me know when you are

18 ready to go forward.

19      MR. RUBENSTEIN:  We are ready your

20 Honor.

21      MS. KORENSTEIN:  Your Honor, may I

22 approach with a copy of the indictment?

23      THE COURT:  Yes, please.

24      (Document handed to the Court at this

25 time.)

CLAUDINE Y. DAVIDSON
SENIOR COURT REPORTER

000044

PROCEEDINGS

6

1       THE COURT: So, Mr. Holzer, your

2   lawyer tells me that you wish to withdraw your

3   plea of not guilty and plead guilty to counts

4   one, three, four and five of the indictment to

5   satisfy these charges. Is that correct?

6       THE DEFENDANT: Yes, your Honor.

7       THE COURT: Now, the terms of the plea

8   as we mentioned are set forth in this plea

9   agreement and nothing that I say is meant to

10  contradict it or supersede it. You understand

11  that, right?

12      THE DEFENDANT: Yes.

13      THE COURT: Have you fully read the

14  agreement, every single line and page and word

15  of it?

16      THE DEFENDANT: Yes, your Honor.

17      THE COURT: Do you understand

18  everything that's in it?

19      THE DEFENDANT: I understand

20  everything.

21      THE COURT: Have you discussed it

22  fully with your attorney, Mr. Rubenstein?

23      THE DEFENDANT: Yes.

24      THE COURT: Do you understand that

25  when you plead guilty, you give up your right to

PROCEEDINGS

1    a trial?

2          THE DEFENDANT:  Yes, I do.

3          THE COURT:  Has anybody promised you

4    anything in exchange for your plea of guilty

5    other than what's set forth in this agreement

6    and my promise as to sentence which is also

7    contained in this agreement?

8          THE DEFENDANT:  No, your Honor.

9          THE COURT:  Actually, I have not made

10   a promise as to sentence but as you know, what's

11   set forth that there will be a joint

12   recommendation by the People and your attorney

13   as to sentence assuming you fulfill certain

14   conditions or if you don't fulfill other

15   conditions and I have agreed that I will follow

16   that recommendation if I have no other reason

17   not to.

18          And of course, if I can't follow the

19   recommendation for some reason, I will permit

20   you to withdraw your plea and start over again.

21          THE DEFENDANT:  Yes, your Honor.

22          THE COURT:  At a trial, you have

23   certain rights that you don't have when you

24   plead guilty.  And when you plead guilty, you

25   give up those rights.  You understand that?

                CLAUDINE Y. DAVIDSON
                SENIOR COURT REPORTER

PROCEEDINGS

8

1    THE DEFENDANT: Yes, I do.

2    THE COURT: One right you have at a

3    trial is to have the decision as to whether you

4    are guilty or not guilty determined by a jury of

5    12 people and their verdict would have to be

6    unanimous. Do you understand you have that

7    right?

8    THE DEFENDANT: Yes, I do, your Honor.

9    THE COURT: At a criminal trial,

10   everything happens in open court. So, when the

11   people call witnesses to testify, you get to see

12   them testify. Your lawyer gets to ask them

13   questions. That's called confrontation of

14   witnesses or cross examination.

15   Do you understand that?

16   THE DEFENDANT: Yes. I am aware of

17   that.

18   THE COURT: At a criminal trial, you

19   have the right to put on a case if you wish to

20   and call witnesses if you wish to and testify if

21   you wish to but you don't have to do any of that

22   at a criminal trial. You have the right to do

23   nothing because the People have the entire

24   burden of proving you guilty beyond a reasonable

25   doubt and one of the rights you have at a

CLAUDINE Y. DAVIDSON
SENIOR COURT REPORTER

000047

PROCEEDINGS

1  criminal trial is to remain completely silent.

2           Do you understand that?

3           THE DEFENDANT:  Yes, I do.

4           THE COURT:  When you plead guilty, you

5  admit your guilt and there is no trial so you

6  give up all the rights I just told you and every

7  other right you have when you go to trial.

8           You understand that?

9           THE DEFENDANT:  Yes, I do your Honor.

10          THE COURT:  Conviction by plea of

11  guilty is the same as a conviction by verdict

12  after trial and this plea will result in your

13  having on your record a conviction for three

14  counts of grand larceny in the first degree, a

15  class B felony and one count of grand larceny in

16  the second degree, a class C felony.

17          You understand that?

18          THE DEFENDANT:  Yes, I do, your Honor.

19          THE COURT:  As I mentioned to you,

20  ordinarily when you plead guilty as a

21  consequence of that plea, you give up all the

22  rights you have when you go to trial.  And you

23  understand that, correct?

24          THE DEFENDANT:  I do, your Honor.

25          THE COURT:  Ordinarily, you do not

CLAUDINE Y. DAVIDSON
SENIOR COURT REPORTER

PROCEEDINGS

1   automatically give up your appellate rights when

2   you plead guilty.  However, as a condition of

3   the agreement that you are entering into now,

4   you are also giving up any right you have to

5   appeal your conviction to a higher court.

6            Do you understand?

7            THE DEFENDANT:  I do, your Honor.

8            THE COURT:  Have you fully discussed

9   that with your attorney as well?

10           THE DEFENDANT:  I did.

11           THE COURT:  I understand that there is

12   an agreed upon allocution which is paragraph

13   four of this plea agreement.

14           MS. KORENSTEIN:  Yes, your Honor.

15           THE COURT:  Do you want me to swear

16   the defendant in and have him allocute and read

17   the allocution?

18           MS. KORENSTEIN:  Yes, please.

19           THE COURT:  All right.  Raise your

20   right hand.  Do you solemnly swear what you are

21   about to tell me is the truth, the whole truth

22   and nothing but the truth so help you God?

23           THE DEFENDANT:  I do.

24           THE COURT:  I will ask the defendant

25   to read the allocution then.

                    CLAUDINE Y. DAVIDSON
                    SENIOR COURT REPORTER

PROCEEDINGS

1    THE DEFENDANT:  Between March 2002 and

2    April 2008, I stole more than $16 million from

3    Barry Fingerhut, Heidi and John Rapillo, Michael

4    and Barbara Zackman and Barry Pessar.  Beginning

5    in 2002, I invited Barry Fingerhut, someone I

6    known for 15 years to invest in Dellwood

7    Partners, an entity that I represented that

8    Barry Fingerhut was making real estate

9    investments between March 2002 and

10   September 2006.

11   Barry Fingerhut gave me more than

12   12 million dollars to invest in Dellwood

13   Partners.  In fact, Dellwood Partners did not

14   exist and I used that money for my own personal

15   use.

16   Between December 2005 and March 2006,

17   I took $1.6 million dollars from Heidi and

18   John Rapillo, people I have known for more than

19   20 years.  I represented to them I would invest

20   their money in a movie theater and penthouse

21   project.  In fact, I did not invest any money on

22   their behalf.  I used Rapillo's money for my own

23   personal use and invested some of it on my

24   behalf.

25   Between November 2006 and

CLAUDINE Y. DAVIDSON
SENIOR COURT REPORTER

PROCEEDINGS

12

1   November 2007, I took more than  $1.7 million

2   from Barbara and Michael Zackman, people whom I

3   had been friends for more than 20 years.   I

4   represented to them that I would invest their

5   money in a company called Vertex and a company

6   called Consonus, C-O-N-S-O-N-U-S.

7           In February 2007, I told them that I

8   would invest their money in a real estate deal

9   in Florida through a company called trident.   In

10  fact, I did not invest any money on their

11  behalf.   I used Zachman's money for my own

12  personal use and invested some of it on my own

13  behalf.

14          In March 2008 I invited Barry Pessar,

15  someone I known for about ten years to invest in

16  a company called Versadial.

17          Based on representations that I made

18  Barry Pessar gave me $150,000 for the investment

19  in Versadial.   I did not in fact invest Barry

20  Pessar's money with Versadial but used it for my

21  own personal use.

22          In this manner, I stole more than $16

23  million from the above named parties without

24  their permission and authority.

25          I would also like to just add that how

CLAUDINE Y. DAVIDSON
SENIOR COURT REPORTER

PROCEEDINGS

13

1  sorry I am for the pain and duress that I have

2  caused them.

3       THE COURT:  That's not part of the

4  initial allocution but I guess apologies are

5  always welcome.

6       We can take the plea and adjourn the

7  matter for sentence.

8       THE CLERK:  In the presence of your

9  attorney Mr. Rubenstein, do you now withdraw

10  your previously entered plea of not guilty and

11  do you plead guilty to three counts of grand

12  larceny in the first degree and one count of

13  grand larceny in the second degree in full

14  satisfaction of indictment 2280/08?  Are those

15  your pleas?

16       THE DEFENDANT:  Yes.

17       THE COURT:  Date for sentence.

18       I understand the victim's wish to

19  speak at sentence.

20       MS. KORENSTEIN:  That's correct.  Just

21  for the record, I would like to make a note

22  first of all that Mr. Holzer is waiving his

23  right to appeal and second of all, that per the

24  plea agreement--

25       THE COURT:  I allocuted already.

CLAUDINE Y. DAVIDSON
SENIOR COURT REPORTER

000052

PROCEEDINGS

1    MS. KORENSTEIN:  This pertains to the
2    date of sentence.  The defendant is required to
3    dispose of certain assets per the agreement
4    before we can sentence him.
5          THE COURT:  Are you asking for a long
6    sentence date?  I am happy to give you a long
7    sentence date.
8          MS. KORENSTEIN:  Yes, because it's
9    pending the sale of a home.
10         MR. RUBENSTEIN:  I think the plea
11   agreement talks of March.
12         MS. KORENSTEIN:  A year.
13         We spoke about a year.
14         MR. RUBENSTEIN:  If your Honor wants
15   to put it down for a control date in case
16   everything is resolved--
17         THE COURT:  I am reluctant to adjourn
18   any case for a year but I am certainly happy to
19   put it off until the fall for sentence with the
20   understanding that if what needs to be
21   accomplished is not accomplished by then, we
22   will adjourn for a period of up to a year.
23         MS. KORENSTEIN:  That's fine, your
24   Honor.
25         THE COURT:  So, find me a Tuesday in

CLAUDINE Y. DAVIDSON
SENIOR COURT REPORTER

PROCEEDINGS

1   mid-September.  How about the 15th or the 22nd?

2           MR. RUBENSTEIN:  The 22nd is good.

3           THE COURT:  September 22nd, for

4   sentence, or to adjourn it so that the defendant

5   can further comply with the terms of the

6   agreement.

7           MS. KORENSTEIN:  Judge, I am sorry.

8   One more thing.  There will also  --

9           THE COURT:  You don't need the

10  indictment?

11          MS. KORENSTEIN:  Also judge just for

12  the record, there will be a restitution order

13  executed on the date of sentence as well.

14  Counsel has seen a copy of that, and he is

15  aware.

16          (Continued on the next page.)

17

18

19

20

21

22

23

24

25

PROCEEDINGS

1          MR. RUBENSTEIN:  That is correct your

2     Honor.  I have received a copy of it and I am

3     aware of what the contents of it is.

4          THE COURT:  The defendant is remanded

5     and the case is adjourned to September 22nd for

6     sentence.

7          MS. KORENSTEIN:  Thank you very much.

8                *           *           *

9     CERTIFIED TO BE A TRUE AND ACCURATE TRANSCRIPT.

10

11

12                         CLAUDINE Y. DAVIDSON
                           SENIOR COURT REPORTER

13

14

15

16

17

18

19

20

21

22

23

24

25

                    CLAUDINE Y. DAVIDSON
                    SENIOR COURT REPORTER